**ALOE VERA OF AMERICA, INC.,**
**et al., Appellants,**

**v.**

**CIC COSMETICS INTERNATIONAL**
**CORP., Appellee.**

**No. 18471.**

Court of Civil Appeals of Texas,
Dallas.

Dec. 19, 1974.

Mark T. Davenport, Atwell, Cain, Davenport & Jones, Dallas, for appellants.

John A. Spinuzzi, Creel, Atwood & Spinuzzi, Dallas, for appellee.

GUITTARD, Justice.

CIC Cosmetics International Corporation sued Aloe Vera of America, Inc., AVA Cosmetics, Inc., Billy C. Coats, and Clinton H. Howard for damages and injunctive relief. Defendants answered and counterclaimed for damages. After a hearing, the trial court granted a "permanent injunction" against defendants, but did not adjudicate the claims of either plaintiff or defendants for damages. Defendants have appealed the order granting the injunction. We hold that this order is not appealable because it is not a final judgment, and neither is it an order granting a "temporary injunction," of which we would have jurisdiction under Tex.Rev.Civ.Stat.Ann. art. 4662 (Vernon 1952). Accordingly, we dismiss the appeal.

In its petition, plaintiff seeks injunctive relief in two respects: (1) restraining defendants from using plaintiff's confidential formulas and methods for manufacturing cosmetics, and (2) restraining defendants from interfering with plaintiff's employees and customers. The trial court granted a temporary restraining order and set a date for a hearing on plaintiff's application for temporary injunction. After this hearing, the court signed an order styled "Permanent Injunction." This order recites that the matter came on for consideration on plaintiff's application for a temporary injunction concerning confidential formulas and methods and for a permanent injunction with respect to the allegations of interference with employees and customers, and that the attorneys for both plaintiff and defendants appeared and "agreed to

proceed in part on the Temporary Injunction and in part on the Permanent Injunction, as stated." It recites further that counsel for plaintiff agreed to withdraw plaintiff's claim for relief concerning formulas and methods, and, accordingly, the court grants no relief in this respect. The dispositive portion of the order is a direction to the clerk to issue "a Writ of Injunction permanently enjoining until January 1, 1975," various acts of interference with plaintiff's employees and customers. The order makes no reference to defendants' counterclaim or to plaintiff's claim for damages and it contains no general language that could be construed as disposing of these claims.

Although defendants seem to take the position in this court that they did not agree to proceed with a hearing on the application for permanent injunction, they have not directed our attention to anything in the record which would cast doubt on the court's recitation that they so agreed. The statement of facts includes the argument of defendants' counsel to the court at the close of the evidence, in which counsel refers to both the "temporary aspect of this hearing" with respect to confidential formulas and methods and the "permanent relief sought" with respect to interference with employees and customers. No objection appears to the action of the court in proceeding to trial of the issues concerning permanent injunctive relief.

■ Although neither of the parties has raised any question concerning appealability of the order, we raised this question on oral argument because we must determine whether we have jurisdiction. Mueller v. Banks, 317 S.W.2d 256 (Tex.Civ.App.—San Antonio 1958, no writ). In response, defendants have filed a post-submission brief, in which they concede that the order appealed from is interlocutory rather than final, but they contend that appealability of an injunction under Tex.Rev.Civ.Stat. Ann. art. 4662 (Vernon 1952) depends on whether it is interlocutory rather than on whether it is temporary.

■ We do not so construe article 4662. Its material provisions are as follows:

Any party to a civil suit wherein a temporary injunction may be granted or refused or when motion to dissolve has been granted or over-ruled, under any provision of this title, in term time or in vacation, may appeal from such order or judgment to the Court of Civil Appeals . . . .

The term "temporary injunction," as used in this statute has a well-understood meaning. It means an injunction which is effective pending further order of the court. Conway v. Irick, 429 S.W.2d 648, 649 (Tex.Civ.App.—Fort Worth 1968, writ ref'd). All temporary injunctions are interlocutory, since they do not finally dispose of the issues, but not all interlocutory injunctions are "temporary" within the terms of this statute. If the injunction is permanent in the sense that the duration of the injunctive relief granted does not depend on any further order of the court, then it is a permanent rather than a temporary injunction. Owens v. Coker, 368 S.W.2d 777, 780, on rehearing, 368 S.W.2d 959 (Tex.Civ.App.—Beaumont 1963, no writ).

■ Nevertheless, an order granting a permanent injunction may be interlocutory rather than final if it does not dispose of all issues made by the pleadings. Booth v. Amicable Life Ins. Co., 143 S.W.2d 836, 839 (Tex.Civ.App.—Waco 1940, writ dism'd jdgmt cor.). Like any other order disposing of some of the issues in the case, but not all, it is appealable only when the remaining issues are disposed of, since only one final judgment may be rendered under Texs Rules of Civil Procedure, rule 301. Cf. Pan American Pet. Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200, 201 (1959); Lindsey v. Hart, 276 S.W. 199, 200 (Tex.Comm'n App.1925, jdgmt adopted). When the remaining issues have been disposed of, the court may then properly enter a final judg-

ment which embodies the previous interlocutory order without hearing further evidence or relitigating any of the issues disposed of by the interlocutory order.

■ The order appealed from here is clearly an interlocutory permanent injunction rather than an appealable temporary injunction. Like any other interlocutory order, it remains within the court's power to alter or amend at any time before final judgment is entered, but the injunction is not one effective only until further order of the court. On the contrary, the order directs the clerk to issue a "Writ of Injunction permanently enjoining until January 1, 1975," the defendants from engaging in certain specified conduct.

■ Limitation of the restraint to the period ending January 1, 1975, does not establish that the order is a "temporary injunction" within article 4662. Whether the restraint continues for six months or six years has no bearing on the question of "permanency." The order appears to grant all the injunctive relief which the court ever intends to grant with respect to interference with plaintiff's employees and customers. It determines not only that plaintiff is entitled to injunctive relief restraining certain conduct until January 1, 1975, but also that plaintiff is not entitled to an injunction extending such restraint beyond that date. Thus it goes beyond the scope of a "temporary injunction." No more permanent order could be made with respect to this particular claim for injunctive relief. *Cf.* Owens v. Coker, 368 S.W.2d 777, 780, on rehearing, 368 S.W.2d 959 (Tex.Civ.App.—Beaumont 1963, no writ).

Defendants cite Booth v. Amicable Life Ins. Co., 143 S.W.2d 836 (Tex.Civ.App.—Waco 1940, writ dism'd jdgmt cor.) in support of their contention that an interlocutory order is appealable even though it purports to grant a permanent injunction. That opinion, as we read it, does not so hold. It holds rather that the court had no jurisdiction of an appeal from an order

overruling a motion to dissolve a temporary injunction because the record was not filed within twenty days as required by article 4662, and, further, that neither did it have jurisdiction of an appeal from an order purporting to grant a permanent injunction because that order was interlocutory in that it did not finally dispose of all the issues. The opinion is consistent with our holding that we have no jurisdiction of the present appeal.

■ Defendants argue that the policy underlying article 4662 is to give a prompt remedy by way of appeal from interlocutory orders granting injunctive relief because of the serious consequences of such orders, and that this policy will be defeated if no appeal is allowed here. We are not persuaded that our jurisdiction can be extended in this fashion. If such a policy exists, we must also recognize the general policy that appeals from interlocutory orders should not be allowed because all issues should be adjudicated before an appeal is taken. Since article 4662, which permits appeals from interlocutory orders granting temporary injunctions, is an exception to this general policy, it must be construed strictly. *See* Missouri–K.–T. R. R. v. Thomason, 280 S.W. 325, 327 (Tex.Civ.App.—Austin 1926, writ ref'd). Consequently, we conclude that our jurisdiction does not extend beyond the strict terms of that statute.

■ Defendants urge that they have no adequate remedy if the trial court proceeds to hear an application for a permanent injunction without at the same time trying all the issues in the case. We do not agree. Since the hearing was set on plaintiff's application for temporary injunction, defendants were not required to try the permanent injunction issues at that time, but could have insisted that the hearing proceed on the application for temporary injunction only. James v. E. Weinstein & Sons, 12 S.W.2d 959 (Tex.Comm'n App. 1929, holding approved). Although the trial court might have ordered a separate

trial of the injunction issues under Tex.R. Civ.P. 174(b), we need not decide whether a permanent injunction issued after such a separate trial could have been made immediately effective over defendants' objection, so as to place defendants under restraint without any right to appeal pending disposition of the remaining issues, since no such objection is shown.

Neither do we decide whether under Tex.R.Civ.P. 41 the claim for injunction against interference with plaintiff's employees and customers could have been severed from the other issues so as to make the order granting the permanent injunction appealable as a final judgment. *Cf.* Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11, 19 (1961). Such a severance cannot be effected by implication, and in the absence of an order of severance, a judgment not disposing of all the issues is interlocutory and not appealable until merged into a final judgment disposing of the whole case. Pan American Pet. Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200, 201 (1959).

Appeal dismissed.