**Charles Hayward JAMES, Appellant,**

v.

**Alice P. HUBBARD, Appellee.**

No. 04–98–00570–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 16, 1998.

sued for contingent attorney's fee in enforcement action).

Donald J. Mach, Law Office of Donald J. Mach, San Antonio, for Appellant.

Jamissa Lynne Jarmon, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

The issue presented is whether a final protective order designed to prevent family violence is a final, appealable judgment. *See* Tex. Fam.Code Ann. § 85.001 (Vernon Supp. 1998). This type of order has been held to be interlocutory and unappealable by other courts of appeals. *E.g., Normand v. Fox,* 940 S.W.2d 401 (Tex.App.—Waco 1997, no writ).[1] However, we can perceive of no legitimate reason to treat the appealability of a final permanent injunction in a case arising out of alleged family violence any differently from any other final, appealable permanent injunction. We therefore hold a protective order rendered pursuant to section 85.001 of the Texas Family Code is a final, appealable judgment and retain this appeal on our docket.

### PROCEDURAL BACKGROUND

Alice P. Hubbard initiated this "proceeding" on February 25, 1998 by filing an application alleging her son-in-law, Charles Hayward James, "committed an act or acts of family violence upon [her] and/or a member of [her] family or household during a time when [he] was a member of said family or household." *See* Tex. Fam.Code Ann. § 82.001 (Vernon Supp.1998). Hubbard sought a protective order "enjoin[ing]" James from engaging in certain specified conduct. *See id.* § 81.001 (authorizing pro-

tective order). That same day, Hubbard's application was granted, and a temporary ex parte protective order was issued. *See id.* § 83.001 (authorizing temporary ex · parte protective order). The temporary protective order stated it was to "be effective immediately and shall continue in full force and effect until the hearing" scheduled for March 12, 1998 or until further order of the court or until it expired by operation of law. *See id.* § 83.002 (temporary protective order "valid for the period specified in the order, not to exceed 20 days" but may be extended for an additional twenty days).

After a hearing on March 25, 1998, the trial court issued a protective order "prohibit[ing]" James from the specified conduct for a period of one year, unless the protective order is sooner modified or superseded. *See id.* § 85.001. The protective order expressly states a violation of its terms "by commission of an act prohibited by the order may be punishable by a fine of as much as $4,000 or by confinement in jail for as long as 1 year, or both."

Within thirty days after the issuance of the protective order, James moved for a new trial, contending Hubbard was not entitled to the protective order because, at the time her application was filed, James was her ex-son-in-law. James' motion was denied by operation of law and, on June 22, 1998, he filed a notice of appeal.

### DISCUSSION

■ We have jurisdiction over an appeal of a final judgment. *See North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). "[T]o be final a judgment must dispose of all issues and parties in a case." *Id.* Accordingly, if a permanent injunction disposes of all issues and parties it is a final, appealable judgment. *Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.,* 517 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1974, no writ); *see, e.g., University of Tex. Med. Sch. v. Than,* 901 S.W.2d 926 (Tex.1995) (appeal of

---

1. *See also In re Delgado,* No. 07–98–0016–CV, 1998 WL 129061 (Tex.App.—Amarillo, Mar.20, 1998, no writ) (not designated for publication) (following *Normand*); *Breaux v. Breaux,* No. 03–97–00690–CV, 1998 WL 42474 (Tex.App.—Aus-tin, Feb.5, 1998, no writ) (not designated for publication) (same); *Nino v. Nino,* No. 04–97–00324–CV, 1997 WL 716562 (Tex.App.—San Antonio, Nov.12, 1997, no writ) (not designated for publication) (same).

permanent injunction). An injunction is permanent, rather than temporary, if "the duration of the injunctive relief granted does not depend on any further order of the court...." *Aloe Vera*, 517 S.W.2d at 435. Accordingly, "[w]hether the restraint continues for six months or six years has no bearing on the question of 'permanency.'" *Id.* at 436; *see Brelsford v. Old Bridge Lake Community Serv. Corp.*, 784 S.W.2d 700, 702 (Tex.App.—Houston [14th Dist.] 1989, no writ) (agreeing with *Aloe Vera* ). Likewise immaterial is whether the order is labeled a "permanent injunction." "Whether or not a particular order is an 'injunction' is determined by its legal substance, *i.e.*, the character and the function of the order, and not by its form or title." *In re Johnson*, 961 S.W.2d 478, 480 n. 1 (Tex.App.—Corpus Christi 1997, no writ) (citing *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992)).[2]

■ Although called a "protective order," the order in this case prohibits James from engaging in the specified conduct for a period of one year and its duration does not depend upon further action by the trial court. The protective order at issue in this case is therefore a permanent injunction and a final, appealable judgment, and we so hold.

To support its conclusion to the contrary, the dissent relies upon *Normand v. Fox*, 940 S.W.2d 401 (Tex.App.—Waco 1997, no writ), in which the Tenth Court of Appeals held a protective order cannot be considered a final, appealable judgment because it may be modified by the trial court. *Id.* at 403. However, the fact that the trial court retains jurisdiction to modify a protective order is of no consequence. Indeed, it is because a protective order is a permanent injunction that it "may be reviewed, opened, vacated or modi-

fied by the trial court upon a showing of changed conditions." *Smith v. O'Neill,* 813 S.W.2d 501, 502 (Tex.1991). We therefore respectfully disagree with *Normand* and the cases following its reasoning.[3]

Nor are we persuaded that the Texas Legislature's failure to pass House Bill 2811 out of committee indicates an intent to deny an appeal to James and those similarly situated. "While failure to enact a bill may arguably be some evidence of intent, other reasons are equally inferable. Lack of time for consideration, opposition by a particular member or committee chair, efforts of special interest groups, or any other unidentified extraneous factor may, standing alone or combined together, act to defeat a legislative proposal regardless of the legislature's collective view of the bill's merits." *El Chico Corp. v. Poole,* 732 S.W.2d 306, 314 (Tex.1987). We likewise see no basis for the dissent's conclusion that review by mandamus would provide a necessarily more expedited or more limited review than review by appeal. In both types of proceedings, the same abuse of discretion standard of review will govern and, with both types of review, we retain the inherent power to accelerate our consideration and disposition of the issues presented.

### CONCLUSION

The jurisdictional issue presented is a significant one. Valuable rights are at stake. In this case, for instance, James has been "prohibited from" "[g]oing within 100 yards of ... [the] Oak Hills Presbyterian 11:00 a.m. service" because this is Hubbard's preferred place and time of worship. It may be James' as well, as Hubbard states in her affidavit. We therefore urge the Supreme Court of Texas to resolve the conflict arising

---

**2.** *See also, e.g., Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex.App.—San Antonio 1996, no writ); *Walls Reg'l Hosp. v. Altaras*, 903 S.W.2d 36, 44 n. 8 (Tex.App.—Waco 1994, orig. proceeding); *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex.1991) (holding that "Agreed Judgment and Order Revoking Probation" was in the nature of an injunction and therefore subject to modification upon a showing of changed conditions); *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex.1991) (holding that turnover order "was in the nature of a mandatory injunction and was appealable").

**3.** *See In re Delgado*, No. 07–98–0016–CV, 1998 WL 129061 (Tex.App.—Amarillo, Mar.20, 1998, no writ) (not designated for publication); *Breaux v. Breaux*, No. 03–97–00690–CV, 1998 WL 42474 (Tex.App.—Austin, Feb.5, 1998, no writ) (not designated for publication); *Nino v. Nino*, No. 04–97–00324–CV, 1997 WL 716562 (Tex.App.—San Antonio, Nov.12, 1997, no writ) (not designated for publication).

out of our opinion in this case and that of the Tenth Court of Appeals in *Normand* at its earliest opportunity.

Dissenting opinion by: CATHERINE STONE, Justice.

CATHERINE STONE, Justice.

Because I believe this court should continue to follow the sound reasoning of *Normand v. Fox*, 940 S.W.2d 401 (Tex.App.—Waco 1997, no writ), and dismiss this

It is well settled that we have appellate jurisdiction over final judgments and interlocutory orders which the Legislature has deemed appealable. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 1997 & Supp. 1998); *accord Normand*, 940 S.W.2d at 402–03. A judgment which disposes of all issues and parties is considered final and appealable. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.—El Paso 1997, no writ) (citing *Jobe v. Lapidus*, 874 S.W.2d 764, 765 (Tex. App.—Dallas 1994, writ denied)). Arguably a protective order "disposes of" all issues between the parties to the extent that it fashions a remedy to avoid future harm or violence between the parties. However, as observed by the *Normand* court, a trial court retains the power to modify the order during the order's effective period. *Normand*, 940 S.W.2d at 403; *see* TEX. FAM.CODE ANN. § 87.001 (Vernon Supp.1998). This statutory grant of power "clouds the protective order's finality," precluding it from being considered a final, appealable judgment. *See Normand*, 940 S.W.2d at 403. That is, while the protective order ostensibly meets the requirements of what is considered a "final order," the statutory scheme in place suggests a contrary status. Indeed, the statutory scheme advances appropriate social policies in the area of family violence prevention. Pursuant to TEX. FAM.CODE ANN. § 87.001 (Vernon Supp.1998), the trial court can modify a protective order to meet the changing circumstances in volatile situations. Additional injunctive restrictions can be imposed or items can be deleted as required by the circumstances. A pending appellate review of these orders could have a chilling effect on the trial court's willingness to modify the order, despite factual circumstances that might other-wise prompt the court to change the protective order. While the same chilling effect may arise from a mandamus, that is always a possibility in any matter pending in a trial court that is subject to mandamus review. Mandamus, however, would at least be a more expedient method of review. Additionally, the limited nature of review on mandamus seems more appropriate given the trial court's superior position to address the volatile and potentially life-threatening situations presented in the family violence context. For these reasons, I reject the majority's conclusion that a protective order is, in reality, a permanent (and thus appealable) injunction.

Moreover, the Legislature has not expressly provided for appellate review of this order. *See* TEX. FAM.CODE ANN. § 81.001 et seq. (Vernon Supp.1998); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 1997 & Supp. 1998). This omission has not gone unnoticed. In 1997, House Bill 2811 was introduced proposing an amendment which would provide a mechanism for appellate review of protective orders issued pursuant to the Family Code. In the bill analysis of H.B. 2811, it is recognized that:

> Texas appellate courts do not have jurisdiction to review and consider appeals of protective orders granted under the Family Code. Under recent case law, a protective order is not a "final" order, and a protective order does not fall within the parameters for interlocutory review. Thus a person against whom a protective order is granted has no rights of appeal other than application for writ of mandamus, which limits the complaining party's right of review to an assertion that the court abused its discretion.

HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 2811, 75th Leg., R.S. (1997). Notably, H.B. 2811 "died" in calendar committee. Until the Legislature allows for appellate review of protective orders issued pursuant to the Family Code, either by amending the Family Code or by providing for an interlocutory appeal, mandamus is the appropriate manner in which to seek review of a protective order issued pur-

suant to the Family Code. *Normand*, 940 S.W.2d at 404 (citations omitted).