Charles Hayward JAMES, Appellant,

v.

Alice P. HUBBARD, Appellee.

No. 04–98–00570–CV.

Court of Appeals of Texas, San Antonio.

May 10, 2000.

Donald J. Mach, Law Office of Donald J. Mach, San Antonio, for appellant.

Jamissa Lynne Jarmon, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice ALMA L. LOPEZ, Justice.

## OPINION

Opinion by TOM RICKHOFF, Justice.

Charles Hayward James brings this appeal from a protective order entered in favor of Alice P. Hubbard. James contends his divorce was final so Hubbard was not entitled to the protective order because they were not members of the same family. We hold that a judge does not render judgment when he says, "I am going to grant the divorce in this case."[1] We affirm the judgment of the trial court.

---

**1.** The *Koran* has a provision that a husband must pronounce the words, "I divorce thee, I divorce thee, I divorce thee", before he is divorced. We do not require such clarity from the trial court by this opinion.

## Factual and Procedural History

Appellee, Alice P. Hubbard, applied for a protective order pursuant to Chapter 81 of the Texas Family Code on February 25, 1998. She alleged her son-in law, Appellant Charles H. James, "committed an act or acts of family violence upon [her] and/or a member of [her] family or household during a time when [he] was a member of said family or household." See TEX. FAM. CODE ANN. § 81.001 (Vernon Supp.1998). After a hearing, on March 25, 1998 a protective order was granted enjoining appellant from engaging in specified conduct, including attending the Oak Hills Presbyterian 11:00 a.m. service.

Within 30 days, appellant filed a motion for new trial arguing that he was appellee's ex-son-in-law at the time the application for a protective order was filed. He asserted that on October 31, 1997, the trial judge orally pronounced a divorce between appellant and Elaine James, the appellee's daughter. However, the final decree of divorce was not signed until May 28, 1998, more than two months after the application was filed. Appellant's motion for new trial was denied, and appellant appealed to this court. On December 16, 1998, we determined a protective order issued pursuant to section 81.001 of the Texas Family Code is a final, appealable judgment and retained this appeal on our docket. *See James v. Hubbard*, 985 S.W.2d 516 (Tex. App.-San Antonio 1998, no pet.). On March 25, 1999, the protective order expired by its own terms.

## Mootness Doctrine

 The appellee obtained the protective order on March 25, 1998. Appellee's protective order was good for one year and expired on March 25, 1999, arguably making this appeal moot. Under the mootness doctrine, a justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). A justiciable controversy is definite and concrete and impacts the legal relations of parties having adverse legal interests. However, the Texas Supreme Court has recognized two exceptions to the mootness doctrine: (1) the collateral consequences exception; and (2) the capable of repetition yet evading review exception. *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex.1990).

 An appeal of a protective order may not be rendered moot if direct or collateral legal consequences flow from the wrongful granting of a protective order. *See State v. Lodge*, 608 S.W.2d 910, 912 (Tex.1980). The collateral consequences recognized by our courts have been severely prejudicial events "'whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate.'" *OXY U.S.A., Inc.*, 789 S.W.2d at 571 (quoting *Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 18 (Tex.App.-Hous. [1 Dist.] 1988, no writ)). Although expired temporary protective orders and restraining orders have been considered moot, none of these cases has carried the same social stigma as a protective order granted based on a finding of family violence. *Cf. Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 317 S.W.2d 725, 726 (1958) (granting of a temporary injunction to restrain a sale rendered moot); *Speed v. Keys*, 130 Tex. 276, 109 S.W.2d 967, 967 (Tex.1937) (temporary restraining order which expired by its own express terms rendered moot); *Hermann Hosp. v. Tran*, 730 S.W.2d 56, 57 (Tex.App.-Houston [14th Dist.] 1987, no writ) (temporary restraining order expired by its own terms rendered moot).

In *State v. Lodge*, 608 S.W.2d 910 (Tex. 1980), the court held that commitment to a mental hospital can engender adverse social consequences to the individual whether it is labeled a stigma or called something else. *Id.* at 912. Appellant is challenging a civil order that carries a significant stigma in our society. The adverse social consequences are heightened by the fact that the order prevented appellant from

worshiping at what could have been his preferred place and time of worship for a year. *See Hubbard,* 985 S.W.2d at 518. Having already recognized that "valuable rights are at stake," we decline to declare this case moot and deprive appellant of his chance for redress. *Id.* at 518. We therefore decide this case on its merits. *Cf. Lodge,* 608 S.W.2d at 912 (perceiving no public interest or policy that would be enhanced by mooting the appeal under review).

### Finality of Divorce

■ Appellant complains that appellee was not entitled to the statutory relief sought as he and the appellee's daughter were divorced. Under TEX. FAM. CODE ANN. § 81.001 (Vernon 1999), a person is entitled to a protective order if there is a finding of "family violence." "Family Violence" is defined as:

an act by a member of a family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

*Id.* § 71.004

"Family" includes relationships established by marriage such as in-laws, as determined by section 573.024 of the Government Code. *See* TEX. FAM. CODE ANN. § 71.003 (Vernon 1999). Divorce terminates family relationships established by marriage. TEX GOV'T CODE ANN. § 573.024(b). Thus, by operation of law, had appellant and Elaine James been divorced then appellee would not have been entitled to this protective order against the appellant. *See id.*

■ Appellant argues the divorce was final when the trial judge heard the matter on October 31, 1997. Appellee argues the divorce was final when it was signed on May 28, 1998. "A judgment is rendered when the court makes an official announcement, either in writing or orally in open court, of its decision upon the matter submitted for adjudication." *In re Bland,* 960 S.W.2d 123, 124 (Tex.App.–Hous. [1st Dist.] 1997, no pet.). In *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969), the court held that oral rendition of divorce constituted a final judgment, even though not signed until after the spouse died. Once a judgment is rendered by oral pronouncement, entry of a written judgment is purely a ministerial act. *See id.* at 832–833.

■ In the court's ruling on October 31, the court pronounced:

I am going to grant the divorce in this case. I want a final divorce decree sitting on my desk no later than Wednesday signed off on by both parties or I want it set to enter a judgment three days later.

The final divorce decree was then not signed until May 28, 1998.

■ The language of the trial judge during the oral pronouncement indicates an intent to approve the divorce settlement, but not a clear intent to render a full, final, and complete judgment. *See S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (1995). In order to be clear, the trial judge must express a present intent to render judgment. *See id.* at 857. At the hearing, the trial judge never ordered, rendered, or granted, he only told the parties he was "going" to grant coupled with a request for a "final" divorce decree to be on his desk by Wednesday. Thus, it is unclear whether the trial judge intended to render judgment orally at the hearing or when he signed the final divorce decree. *See id.* at 857. A judge's future intent cannot be a present rendition of judgment. *See Leal,* 892 S.W.2d at 857 (1995); *Reese v. Piper,* 534 S.W.2d 329, 330 (Tex.1976).

■ In addition, the trial judge's present intent to render judgment must be indicated at the time the words were expressed. *See Leal,* 892 S.W.2d at 857. Thus, whether or not the trial judge ex-

pressed in the written judgment a belief that he had rendered judgment at the October 31, 1997 hearing is not dispositive. *See id.* at 858. For the trial court to effectively render judgment in open court, it must do so in spoken word, not in mere cognition. *See id.* at 858.

As appellant was still the son-in-law of appellee when the protective order was granted, appellant was entitled to the protective order. Accordingly, the judgment of the trial court is AFFIRMED.

Concurring and dissenting opinion by: ALMA L. LOPEZ, Justice.

ALMA L. LOPEZ, Justice, concurring and dissenting.

I concur with the majority opinion regarding the doctrine of mootness, but I respectfully dissent with the majority opinion regarding the appellee's standing to obtain a protective order. On October 31, 1997, a hearing was conducted to finalize the divorce of the appellant and the appellee's daughter. During the hearing, the trial judge ordered the division of community property and community debts, and a protective order. The trial judge then stated, "I'm going to grant the divorce in this case. I want a final divorce decree sitting on my desk no later than Wednesday signed off on by both parties or I want it set to enter a judgment three days later . . . . I just don't want this to drag out anymore. I want these people to go on with their lives." Having divided the community estate, these statements clearly indicate that the trial judge rendered a divorce on October 31, 1997. *See S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995) (stating judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk). Although the final divorce decree was not signed until May 28, 1998, the decree states that the divorce was "judicially PRONOUNCED AND RENDERED in open court at BEXAR County, Texas, on OCTOBER 31, 1997." As a result, no

family relationship existed between the appellant and the appellee on March 25, 1998. Thus, the appellee was not entitled to a protective order under section 81.001 of the Family Code. I would reverse the judgment of the trial court and render judgment for the appellant.