**DISMISS; Opinion Filed January31, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01362-CV

**AURORA LOAN SERVICES, Appellant**

V.

**AURORA LOAN SERVICES, LLC, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-11206**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore and Richter[1]
Opinion by Justice FitzGerald

By letter to the parties dated December 18, 2012, the Court questioned its jurisdiction over this appeal. We notified the parties of our concerns and afforded them ten days in which to file letter briefs addressing those concerns. Neither party filed such a letter brief. Concluding that there is no final judgment, we dismiss the appeal.

Generally, appeals may be taken only from final judgments. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* When there has not been a conventional trial on the merits,

---

[1] The Hon. Martin E. Richter, Retired Justice, sitting by assignment.

an order or judgment is final only if it actually disposes of every pending claim and party or it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id*. at 205. A Mother Hubbard clause in an otherwise interlocutory partial-summary-judgment order does not suffice to make the order a final judgment. *See id*. at 203–04. Moreover, an order does not completely dispose of case "merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs." *Id*. at 205.

We review the record to ascertain the propriety of our jurisdiction. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.). Appellee was the plaintiff in the trial court and asserted five distinct claims against appellant in five separate counts. Appellee asserted claims under the federal Lanham Act in counts one and two, a common-law claim for unfair competition in count three, a claim for a violation of section 16.29 of the Texas Business and Commerce Code in count four, and a claim for declaratory judgment in count five. The parties filed cross-motions for summary judgment. The summary-judgment order signed by the trial judge is entitled "Summary Judgment and Permanent Injunction." In that order, the judge granted summary judgment for appellant on count one and summary judgment for appellee on counts two and four. The order does not address counts three or five. The order also grants appellee permanent injunctive relief against appellant, exonerates a bond previously posted by appellee, taxes costs against appellant, and concludes with a Mother Hubbard clause reciting, "All relief requested and not expressly granted herein is hereby denied."

The summary-judgment order in this case is not final for purposes of appeal. The order does not address two of appellee's pleaded claims. It does not recite that it is a final or appealable order. Although it contains a Mother Hubbard clause and awards costs, those provisions are not sufficient to make the order final under *Lehmann*. *See* 39 S.W.3d at 205.

As for the award of injunctive relief, we have recently reiterated that "[a] summary judgment that fails to dispose of all claims, even if it grants a permanent injunction, is interlocutory and unappealable." *Young v. Golfing Green Homeowner's Ass'n, Inc.*, No. 05-12-00651-CV, 2012 WL 6685472, at *1 (Tex. App.—Dallas Dec. 21, 2012, no pet. h.) (mem. op.); *accord Aloe Vera of Am., Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 435–36 (Tex. Civ. App.—Dallas 1974, no writ). Temporary injunctions, by contrast, are immediately appealable on an interlocutory basis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2012). The supreme court has said that we look at the character and function of an injunction to determine whether it is an immediately appealable temporary injunction or not. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). In this case, however, we need not determine whether the injunction awarded in the trial court's order is permanent or temporary because we lack appellate jurisdiction either way. If the injunction is permanent, it is not appealable because it is part of an unappealable interlocutory order, as in *Young*. And if it is an appealable temporary injunction, we lack appellate jurisdiction because appellant filed its notice of appeal ninety days after the order was signed. *See* TEX. R. APP. P. 26.1(b) (setting twenty-day deadline for filing notice of appeal in accelerated appeals); *id*. 28.1(a) (providing that appeals from interlocutory orders are accelerated); *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) (holding that post-judgment motions do not extend the deadline for perfecting an accelerated appeal and affirming dismissal of untimely appeal for want of jurisdiction).

Because not all claims have been disposed of, the trial judge's summary-judgment order is interlocutory and not appealable. To the extent the award of injunctive relief may be construed as a temporary injunction, appellant's notice of appeal was untimely. Accordingly, we

dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Bonnema v. Guardian Life Ins. Co. of Am.*, No. 05-12-00554-CV, 2012 WL 2359899, at *1 (Tex. App.—Dallas June 21, 2012, no pet.) (mem. op.).


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE


111362F.P05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Aurora Loan Services, Appellant

No. 05-11-01362-CV        V.

Aurora Loan Services, LLC, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-11206.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Richter participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee Aurora Loan Services, LLC recover its costs of this appeal from appellant Aurora Loan Services.

Judgment entered this January 31, 2013.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE