**DISMISS and Opinion Filed July 21, 2015**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00274-CV

**BCH DEVELOPMENT, LLC AND BLANCHARD HOMES, LLC, Appellants**
**V.**
**LAKEVIEW HEIGHTS ADDITION PROPERTY OWNERS' ASSOCIATION**
**AND BARBARA WOHLRABE, Appellees**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-05900-A**

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

This Court questioned its jurisdiction over this appeal because the appealed order granting a permanent injunction did not appear to be an appealable order. At the Court's request, the parties filed letter briefs addressing our jurisdictional concern.

Generally, this Court has jurisdiction only over appeals from final judgments and certain interlocutory orders as permitted by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *See id*. Temporary injunctions are immediately appealable interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

Appellants initially appealed a temporary injunction prohibiting them from adding a second level to a house. That appeal was docketed as appellate cause number 05-14-00003-CV.

While that appeal was pending, the trial court, on February 24, 2015, signed orders granting appellees' motion for partial summary judgment in part and granting a permanent injunction. As a consequence of the trial court's order granting a permanent injunction, this Court, on April 17, 2015, dismissed the appeal from the temporary injunction as moot.

Appellants appealed the trial court's order granting a permanent injunction. In their notice of appeal, appellants acknowledged that claims remained pending and referred to the appealed order as a "mere modification of the temporary injunction signed by the trial court on December 13, 2013, which order is currently on appeal."

As for an award of injunctive relief, this Court has held that an interlocutory permanent injunction granted following consideration of a motion for summary judgment is an unappealable interlocutory order. *See Aurora Loan Services v. Aurora Loan Services, LLC*, No. 05-11-01362-CV, 2013 WL 396275, at *1 (Tex. App.—Dallas Jan. 31, 2013, no pet.) (mem. op.); *Young v. Golfing Green Homeowners Association, Inc.*, No. 05012099561-CV, 2012 WL 6685472, *2 (Tex. App.—Dallas, Dec. 21, 2012, no pet.) (mem. op.); *accord Aloe Vera of Am., Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 435-36 (Tex. App.—Dallas 1974, no writ). Appellants argue the permanent injunction is actually a temporary injunction under the supreme court case *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334 (Tex. 2000) (per curiam). In *Qwest*, the trial court entered an order restricting Qwest's activities for a period of three years. The court of appeals dismissed the appeal because the order did not meet the "traditional requirements" of a temporary injunction - preserve the status quo, require a bond, set a trial date, or limit the duration until further order of the court. *Id.* at 335. The supreme court reversed, stating "[b]ecause the trial court's order place[d] restrictions on Qwest and [was] made effective immediately so that it operate[d] during the pendency of the suit, it function[ed] as a temporary injunction. *Id.* at 337.

Two facts distinguish this case from *Qwest*. First, the trial court entered a temporary injunction and appellants timely appealed it. While that appeal was pending, the trial court signed a permanent injunction order rendering that appeal moot. Second, the order in this appeal followed a hearing on a motion for partial summary judgment and was not based on pleadings seeking temporary injunctive relief. For these reasons, we conclude the holding in *Qwest* is inapplicable to this case.

The appealed order is neither a final judgment nor an appealable interlocutory order. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

150274F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BCH DEVELOPMENT, LLC AND
BLANCHARD HOMES, LLC, Appellants

No. 05-15-00274-CV          V.

LAKEVIEW HEIGHTS ADDITION
PROPERTY OWNERS' ASSOCIATION
AND BARBARA WOHLRABE, Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas.
Trial Court Cause No. CC-13-05900-A.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart,
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees LAKEVIEW HEIGHTS ADDITION PROPERTY OWNERS' ASSOCIATION AND BARBARA WOHLRABE recover their costs of this appeal from appellants BCH DEVELOPMENT, LLC AND BLANCHARD HOMES, LLC.

Judgment entered July 21, 2015.