

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00277-CV

**IN RE** Douglas A. **GREGORY**

Original Mandamus Proceeding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 15, 2016

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On May 2, 2016, relator filed a petition for writ of mandamus complaining of the trial court's ex parte temporary restraining order granted on April 29, 2016.  Relator also requested emergency relief from this court in the form of an order staying enforcement of the temporary restraining order.

On May 4, 2016, this court issued an order staying the enforcement of the temporary restraining order and requesting a response to the petition for writ of mandamus.  Relator did not request this court stay the expiration of the temporary restraining order, and we did not do so.  The temporary restraining order expired by its own terms on May 5, 2016, the date set by the trial court for the temporary injunction hearing.

---

[1] This proceeding arises out of Cause No. 2016-CI-07344, styled *Bruce A. Smiley-Kaliff v. Douglas A. Gregory*, pending in the 408th Judicial District Court, Bexar County, Texas, the Honorable Larry Noll presiding.

Ordinarily, the expiration of a temporary restraining order renders challenges to its issuance moot. *Hermann Hosp. v. Tran,* 730 S.W.2d 56, 57 (Tex. App.—Houston [14th Dist.] 1987, no writ). Courts recognize two exceptions to the mootness doctrine: the collateral consequences exception; and the capable of repetition yet evading review exception. *James v. Hubbard*, 21 S.W.3d 558, 560 (Tex. App.—San Antonio 2000, no pet.). The collateral consequences exception involves severely prejudicial events flowing from the wrongful granting of the protective order. *Id.* There is nothing in the record that indicates this exception applies in this case. Additionally, the real party in interest stipulated in his response that the temporary restraining order has expired and that he will not seek another temporary restraining order in this case. Thus, the second exception does not apply.

Because the temporary restraining order challenged in this proceeding has expired by its own terms, we conclude, without reaching the merits of the challenges asserted, that the petition for writ of mandamus has become moot, and should be dismissed. Accordingly, the petition for writ of mandamus is dismissed for lack of jurisdiction. *See, e.g., Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (holding that appellate courts have no jurisdiction to issue advisory opinions where issues raised in a pending matter have become moot).

Rebeca C. Martinez, Justice