# Supreme Court of Texas

No. 23-0078

Harley Channelview Properties, LLC,

*Petitioner*,

v.

Harley Marine Gulf, LLC,

*Respondent*

On Petition for Review from the
Court of Appeals for the First District of Texas

**Argued January 11, 2024**

JUSTICE BLAND delivered the opinion of the Court, in which Chief Justice Hecht, Justice Lehrmann, Justice Devine, Justice Blacklock, Justice Busby, Justice Huddle, and Justice Young joined.

JUSTICE BOYD concurred in the judgment.

Our Court held in *Qwest Communications Corp. v. AT&T Corp.* that an order "functions as a temporary injunction" if it requires a party to perform according to the relief demanded in the suit, and it "operates during the pendency of the suit."[1] This functional definition applies even

---

[1] 24 S.W.3d 334, 337 (Tex. 2000) (per curiam).

when the protective hallmarks of a temporary injunction are missing—like a trial date and a bond to protect the enjoined party pending final judgment. The absence of such protections may invalidate the injunction, but it does not change the fundamental character of the relief granted.

A further shield against a flawed temporary injunction is the right to seek review. "A person may appeal from an interlocutory order" that "grants or refuses a temporary injunction."[2] In this case, the trial court ordered one party to immediately convey property to the other to enforce the court's partial summary judgment ruling on a breach of contract claim. In the order, the trial court required the conveyance to occur within thirty days, acknowledging that its ruling was "interlocutory." The party ordered to convey the property before final judgment noticed an interlocutory appeal. The trial court's order, in the appealing party's view, was tantamount to a temporary injunction.

The court of appeals held it lacked jurisdiction over the appeal because the trial court had granted "permanent" relief, and thus the order was not a "temporary" injunction from which an appeal can be taken.[3] We expressly rejected this "*Aloe Vera*" line of appellate authority in *Qwest*, observing that an order requiring a party to take permanent

---

[2] Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). Unlike other interlocutory appeals, however, the parties may proceed to trial and final judgment in the interim, obviating the need for the temporary injunction or interlocutory appellate review. *Id.* § 51.014(b).

[3] 683 S.W.3d 429, 432 (Tex. App.—Houston [1st Dist.] 2022).

action short of a final judgment "could be shielded from appellate review by the very defect that makes it erroneous."[4]

Today we reaffirm the principles our Court announced in *Qwest*. Directing a party to immediately convey real property based on an interim ruling that a claim has merit is a temporary injunction, from which a party may appeal. Such an order has the "character and function" of a temporary injunction because it "is made effective immediately so that it operates during the pendency of the suit."[5] Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for consideration of the merits of the appeal.

**I**

Harley Marine Gulf provides refueling services to marine vessels in the Houston Ship Channel out of a maritime facility it leases from Harley Channelview Properties. The original lease, executed in 2011, contains a provision granting Harley Marine an option to purchase the property from Holland Real Estate during the lease term, according to a separate purchase-option agreement attached to the lease. In 2012, Channelview purchased the property from Holland Real Estate, subject to the Harley Marine lease. Over the next several years, the parties amended the lease several times. Channelview eventually determined that Harley Marine's purchase option had terminated, and it invested $15 million to improve the property. Harley Marine, however, viewed the purchase option as still available to it. To that end, in 2020, Harley

---

[4] 24 S.W.3d at 337 (discussing *Aloe Vera of Am., Inc. v. CIC Cosms. Int'l Corp.*, 517 S.W.2d 433, 436 (Tex. App.—Dallas 1974, no writ)).

[5] *Id.*

3

Marine attempted to purchase the property at the option price of $2.5 million. Channelview refused to convey the property.

Harley Marine then sued Channelview for breach of the option agreement and for money had and received. It sought specific performance and credit for rental payments it had made to Channelview after it sought to exercise the option. Harley Marine then moved for partial summary judgment on its contract claim, seeking specific performance. The trial court granted the motion. In the order, the trial court acknowledged that issues "that are not resolved" remain, including Harley Marine's entitlement to attorney's fees and to offset, and Harley Marine's claim for money had and received. The order concludes: "This Order is interlocutory." The trial court nevertheless directed Channelview to convey fee simple title to Harley Marine within thirty days, and it directed Harley Marine to deposit the purchase price into an escrow account "until Final Judgment."

Channelview appealed, asserting that the court had granted a temporary injunction against it because the order required Channelview to convey the property absent a final judgment or an adjudication of the amount it was to receive for the property.[6] Channelview also petitioned the court of appeals for a writ of mandamus, seeking relief from the order. The court of appeals denied the mandamus petition, holding that Channelview "has an adequate remedy by appeal."[7]

---

[6] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (authorizing the interlocutory appeal of a grant or denial of a temporary injunction).

[7] *In re Harley Channelview Props., LLC*, No. 01-21-00548-CV, 2022 WL 2513473, at *1 (Tex. App.—Houston [1st Dist.] July 7, 2022, orig. proceeding) (per curiam).

4

That adequate remedy became elusive, however, when the court of appeals dismissed Channelview's appeal. The court held that the trial court's order was not a temporary injunction.[8] Rather than focusing on the directive's immediate effect, the court of appeals concluded that "[n]othing about the trial court's order indicates that its decision finding in favor of [Harley Marine] on the breach-of-the-option agreement is of a temporary nature that will eventually change upon final judgment."[9] The court reached that conclusion despite the order's recital that it was interlocutory and even though the trial court had ordered the property conveyed without a determination of the amount owed for it—only partly enforcing the option contract. We granted Channelview's petition for review.

**II**

Appellate review is ordinarily limited to final judgments.[10] An appellate court has no jurisdiction to review an interlocutory order unless review is conferred by statute.[11] One such statute is Civil Practice and Remedies Code Section 51.014(a)(4), which provides that "[a] person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . grants or refuses a temporary injunction." Appellate jurisdiction over this case thus

---

[8] 683 S.W.3d at 432.

[9] *Id.*

[10] *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019); Tex. Civ. Prac. & Rem. Code § 51.012.

[11] *Qwest*, 24 S.W.3d at 336 (citing *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998)).

5

"depends on whether the trial court's order can properly be characterized as a temporary injunction."[12]

## A

Except in limited circumstances, the law generally does not permit prejudgment enforcement of a party's claims for relief.[13] The extraordinary remedy of a temporary injunction is one of those exceptions, intended to preserve the status quo until final judgment.[14] An injunction can restrain a party from a course of conduct that is otherwise within its legal rights to pursue, or it can mandate action and force a party to engage in a course of conduct it may otherwise choose not to pursue.[15] To obtain a temporary injunction, the applicant must show: (1) a cause of action against the party to be enjoined; (2) a probable right to recover on that claim after a trial on the merits; and (3) a probable, imminent, and irreparable injury absent the temporary

---

[12] *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). We review de novo a court of appeals' dismissal of a case for lack of jurisdiction. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (citing *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007)). This Court has jurisdiction to determine whether the court of appeals properly determined its own jurisdiction. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73,75 (Tex. 2011).

[13] *See Waples–Platter Grocer Co. v. Tex. & Pac. Ry. Co.*, 68 S.W. 265, 266 (Tex. 1902) (holding that neither a prejudgment garnishment nor a garnishment while a judgment was on appeal is valid; under Texas law, a judgment is not final for the purposes of garnishment until "it can neither be set aside nor reversed upon appeal").

[14] *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57–58 (Tex. 1993)).

[15] *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961); *see, e.g.*, *Qwest*, 24 S.W.3d at 335.

injunction.[16] "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard."[17]

The Rules of Civil Procedure provide safeguards against an overreaching temporary injunction and to mitigate its effect should one issue. Among these, a trial court may not issue a temporary injunction without notice to the opposing party; the order granting the injunction must set forth the reasons for its issuance; and its terms must be reasonably specific and describe the acts restrained in detail.[18] The order must set a trial date and a bond, thereby moving the case toward final resolution and providing security for the adverse party during the interim.[19]

Given the frequently dispositive nature of injunctive relief—even when granted on a temporary basis—for over a century, the Legislature has authorized appeals from such orders. Historically, appellate review was limited to final judgments.[20] Around the turn of the century, however, the Legislature authorized an appeal from an order "granting or dissolving" a temporary injunction:

> Any party or parties to any civil suit wherein a temporary injunction may be granted or dissolved under any of the

---

[16] *Butnaru*, 84 S.W.3d at 204.

[17] *Id.* (citing *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ)).

[18] Tex. R. Civ. P. 681, 683.

[19] Tex. R. Civ. P. 683, 684.

[20] *Sabre Travel*, 567 S.W.3d at 730; *Gulf, Colo. & Santa Fe Ry. Co. v. Fort Worth & New Orleans Ry. Co.*, 2 S.W. 199, 200 (Tex. 1886).

provisions of this title in term time or in vacation may appeal from the order of judgment granting or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case . . . .[21]

Two years later, the Legislature amended the statute to broaden its scope, providing for an appeal from an order "granting, refusing, or dissolving" a temporary injunction.[22] Then, in 1919, the Legislature added the right to appeal an order "refusing to dissolve" a temporary injunction.[23] Since then, the language has undergone revisions, but its meaning remains largely unchanged: "[a] person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65."[24]

In 1997, the Legislature amended Section 51.014 to stay the commencement of trial pending resolution of an interlocutory appeal from a temporary injunction.[25] Four years later, however, the

---

[21] Act approved Apr. 16, 1907, 30th Leg., R.S., ch. 107, § 2, 1907 Tex. Gen. Laws 206, 207.

[22] Act approved Apr. 22, 1909, 31st Leg., 1st C.S., ch. 34, § 2, 1909 Tex. Gen. Laws 354, 355.

[23] Act of Feb. 6, 1919, 36th Leg., R.S., ch. 17, § 1, 1919 Tex. Gen. Laws 22, 22.

[24] Tex. Civ. Prac. & Rem. Code § 51.014(a)(4); *cf.* Tex. Rev. Civ. Stat. art. 4662 (1925).

[25] Act of May 27, 1997, 75th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, 4937.

Legislature reversed course and amended the section to exclude appeals of a temporary injunction ruling from the automatic stay.[26]

The right to appeal a temporary injunction thus is a well-established feature of Texas law that expedites review of a potentially burdensome order. Because the appeal does not stay further proceedings in the trial court, a party desiring to avoid the delay of an appeal can simply proceed to trial and final judgment. "Generally the most expeditious way of obviating the hardship and discomforture of an unfavorable preliminary order is to try the case on its merits . . . ."[27]

## B

Channelview relies on *Qwest* to urge that the order requiring it to convey property before final judgment meets the criteria for a temporary injunction, albeit one granted in error.[28] It observes that the trial court ordered Channelview to perform based on an interlocutory ruling that Harley Marine's breach of contract claim has merit. Harley Marine responds that the order grants permanent, not temporary, relief and the plain text of the statute limits appeals to "temporary" injunctions. It points out that a conveyance of property requires no continuing obligation to perform, as injunctive relief usually requires. For this reason, it views *Qwest* as inapposite, involving a different issue—

---

[26] Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575, 3575 (codified at Tex. Civ. Prac. & Rem. Code § 51.014(b)).

[27] *Sw. Weather Rsch., Inc. v. Jones*, 327 S.W.2d 417, 422 (Tex. 1959).

[28] *See* 24 S.W.3d at 337.

specifically, whether an order that enjoins conduct for a fixed period qualifies as a temporary injunction.[29]

In *Qwest*, AT&T sued Qwest for damage to its fiber optic cables.[30] While the suit was pending, the trial court ordered Qwest to notify AT&T about drilling operations within the vicinity of AT&T's fiber optic cables for a three-year period.[31] Qwest appealed the order, asserting that it was a temporary injunction. The court of appeals dismissed the appeal, holding that the order was not a temporary injunction because it did not meet the "traditional requirements" of one.[32] Specifically, the order did not preserve the status quo, require a bond, set a trial date, require the issuance of a writ of injunction, or limit its duration until final judgment or further order of the court.[33]

Our Court reversed. First, it is the "character and function of an order" that define its classification, not "matters of form."[34] Second, an order that "places restrictions on [a party] and is made effective immediately so that it operates during the pendency of the suit . . . functions as a temporary injunction."[35] The order in *Qwest* did not preserve the status quo until a trial on the merits, and it required compliance for a fixed duration without a trial date. Noting these flaws,

---

[29] *See id.* at 336.

[30] *Id.* at 335.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.* at 336 (quoting *Del Valle Indep. Sch. Dist.*, 845 S.W.2d at 809).

[35] *Id.* at 337.

we held that "[w]hether an injunction is effective for a fixed period of time or is made effective only until further order of the court or final judgment is only one of the factors in determining the character and nature of the order."[36] The proper focus instead examines whether the order restricts (or commands) a party's conduct during the suit, based on a determination that the opposing party has demonstrated a probable right to relief.

To hold otherwise, we said, is "problematic."[37] An erroneous prejudgment injunction—one not aimed at preserving the status quo or affording only temporary relief until a judgment is secured—would be shielded from review for the very reasons that made the relief improper in the first place.[38] Although the trial court's order in *Qwest* did not meet the procedural requirements for a temporary injunction, its defects did not "change the order's character and function defining its classification."[39]

Our Court in *Qwest* disapproved several cases from courts of appeals dismissing appeals from prejudgment enforcement on the basis that the relief granted was permanent.[40] In particular, we discussed *Aloe Vera of America, Inc. v. CIC Cosmetics International Corp.*, which held that an injunction effective prior to final judgment for a fixed period

---

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

was not appealable.[41] *Aloe Vera* reasoned that "[n]o more permanent order could be made with respect to this particular claim for injunctive relief."[42] It was *Aloe Vera* and those that followed its course that our Court singled out as "problematic."[43]

With *Qwest*'s principles in mind, we turn to the trial court's order in this case.

## C

At the outset, we disagree with the court of appeals' conclusion that the injunction in this case must be permanent because "[n]othing about the trial court's order" indicates that the trial court might change its ruling on final judgment.[44] First, the order itself states that it is "interlocutory," not final. Second, no one disputes that the trial court maintains the power to modify the order at any time until final judgment. Presumably, for example, the trial court would not stand on its order requiring prejudgment conveyance of the property if Harley Marine failed to deposit the option price in escrow. Third, the order is only a partial resolution of the breach of contract claim—the directive to convey the property is based on the trial court's "partial" summary judgment, not a complete resolution of the claim. A full and final adjudication was left for another day. In any of these senses, the relief granted was "temporary," not final or permanent. Had the order truly

---

[41] *Id.* (discussing *Aloe Vera*, 517 S.W.2d at 436).

[42] *Id.* (quoting *Aloe Vera*, 517 S.W.2d at 436).

[43] *Id.*

[44] 683 S.W.3d at 432.

afforded complete and permanent relief as to all parties and claims, then it would be appealable as a final judgment.

Turning to the relief granted, we conclude that the trial court's order has the character and function of a temporary injunction in directing that property be conveyed before final judgment. The order (1) requires the enjoined party to perform; (2) is made effective and operates while suit remains pending; and (3) compels performance based on a determination that the opposing party's claim has merit.[45] The order takes immediate effect, before final judgment.

The order lacks the required safeguards for a temporary injunction. Like the order in *Qwest*, it does not preserve the status quo, require a bond, or set a trial date.[46] These are perhaps reasons that the prejudgment injunctive relief was granted in error, "but they do not change the order's character and function defining its classification."[47]

Generally, a judgment debtor is entitled to supersede a judgment pending appeal, suspending its enforcement.[48] But because the trial court ordered the conveyance before final judgment, Channelview cannot supersede the order. The order sets no bond for any injury to Channelview pending final judgment should the conveyance have been ordered in error. In effect, Channelview must convey its real property

---

[45] *See Qwest*, 24 S.W.3d at 337.

[46] *See id.* at 355; *Butnaru*, 84 S.W.3d at 204 ("A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits."); Tex. R. Civ. P. 683, 684.

[47] *Qwest*, 24 S.W.3d at 337.

[48] *See* Tex. R. App. P. 24.1(a), (f).

before an appellate court can review that order. A party may not circumvent appellate review of "a burdensome interlocutory order that has the same effect as a temporary injunction" by requesting immediate injunctive relief via a motion for partial summary judgment.[49] Partial summary judgment is a method to resolve dispositive legal issues; it is not a tool to turn an interim ruling into a prejudgment turnover order.[50]

While it is true that mandamus or other options for immediate review may be available in some cases, none substitute for a right to appeal an order when the law authorizes that appeal. If a statutory right

---

[49] *Qwest*, 24 S.W.3d at 337.

[50] Harley Marine relies on several court of appeals opinions holding that a partial summary judgment that required compliance while the lawsuit remained pending was not appealable as a temporary injunction. *See L Series, L.L.C. v. Holt*, 571 S.W.3d 864, 868, 870 (Tex. App.—Fort Worth 2019, pet. denied) (dismissing appeal from order requiring the advancement of attorney's fees for a corporate officer defendant during trial); *W. I-10 Volunteer Fire Dep't v. Harris Cnty. Emergency Servs. Dist. No. 48*, 507 S.W.3d 356, 358–59 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (dismissing appeal of order requiring the turnover of firetrucks within five days); *El Caballero Ranch, Inc. v. Grace River Ranch, LLC*, No. 04-15-00127-CV, 2015 WL 6163221, at *1, *3 (Tex. App.—San Antonio Oct. 21, 2015, no pet.) (dismissing appeal from order granting access to easement in ten days); *see also BCH Dev., LLC v. Lakeview Heights Addition Prop. Owners' Ass'n*, No. 05-15-00274-CV, 2015 WL 4456237, at *1 (Tex. App.—Dallas July 21, 2015, no pet.) ("[A]n interlocutory permanent injunction granted following consideration of a motion for summary judgment is an unappealable interlocutory order."). Those cases, like the court of appeals' opinion in this case, focus on the fact that the trial court granted "complete relief" on a claim. As discussed, the proper focus is instead whether the order restricts or commands a party's conduct *during the suit* based on a determination that the opposing party has demonstrated a probable right to relief. Harley Marine also points to *Young v. Golfing Green Homeowners Ass'n*, No. 05-12-00651-CV, 2012 WL 6685472, at *1 (Tex. App.—Dallas Dec. 21, 2012, no pet.), but in that case, the injunction granted in connection with a partial summary judgment was not made enforceable until final judgment, distinguishing it from this case.

---

to appeal exists, a party should not have to rely on avenues that depend on a reviewing court's discretion to take the case.

Finally, not all interlocutory orders are temporary injunctions. For example, a trial court's order requiring compliance with discovery rulings or holding a party in contempt are not in the nature of injunctive relief. Rather, a temporary injunction is inextricably bound with the merits—the trial court has granted relief because a party has demonstrated a probable right to recovery based on a claim in the suit. Discovery orders do not engage directly with the merits of the case; they compel compliance with procedural rules that govern the litigation process. Further, in cases brought under the Family Code, the Legislature expressly has prohibited review of temporary orders, which often include temporary injunctive relief.[51] In such cases, the general law permitting appellate review does not apply.

* * *

---

[51] *See, e.g.*, Tex. Fam. Code § 6.507 ("An order under this subchapter [F. Temporary Orders], except an order appointing a receiver, is not subject to interlocutory appeal.").

15

We hold that the court of appeals had jurisdiction over Channelview's interlocutory appeal from a prejudgment enforcement order that functions as a temporary injunction. Accordingly, we reverse its judgment and remand the case to that court for further proceedings.

Jane N. Bland
Justice

**OPINION DELIVERED:** May 10, 2024