GENSCO, INC., Appellant,

v.

William F. THOMAS et al., Appellees.

No. 16333.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 17, 1980.

Eugene B. Labay, Cox, Smith, Smith, Hale & Guenther, San Antonio, Phillip M. Hughes, Crawford, Crawford & Hughes, Uvalde, for appellant.

George H. Spencer, Clemens, Spencer, Welmaker & Finck, San Antonio, Nichols & Taliaferro, Uvalde, for appellees.

CADENA, Chief Justice.

Gensco, Inc., (Gensco), plaintiff below, appeals from a judgment sustaining special exceptions to its first amended original petition, refusing to modify a previous order enjoining defendants, William F. Thomas and Joy Pipe, Inc., from competing with plaintiff, and finding that defendants were not in contempt of court because of their violation of the terms of such injunction.

Plaintiff originally filed suit seeking to enjoin defendants from breaching a non-competition agreement contained in a contract of employment. After a temporary restraining order had been granted, the parties agreed on the entry of an order enjoining defendants from competing with plaintiff in Texas, Oklahoma, New Mexico, Colorado, Wyoming, Kansas, Missouri, Louisiana and Alabama for a period of three and one-half years.

Almost three months after the entry of the agreed order, plaintiff filed a motion urging that defendants be held in contempt for violating the terms of the agreed order. This motion was subsequently amended to include a prayer that the trial court broaden the terms of the agreed order. The trial court denied all relief prayed for by plaintiff, holding that the agreed order was a final judgment for a permanent injunction and that defendants had not knowingly violated the terms of such order.

■ Plaintiff's points of error four through seventeen embody complaints concerning the failure of the trial court to hold defendants in contempt. These points must be overruled, since the decision of a trial court in contempt proceedings is not appealable. *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex.1967); *Hamborsky v. Hamborsky*, 497 S.W.2d 405, 406 (Tex.Civ.App.—San Antonio 1973, no writ).

The trial court correctly refused to modify the previous agreed order. The agreed order in this case recites that the temporary restraining order previously granted is modified and continued in force as an injunction against defendants for a period of three and one-half years, at the expiration of which period it shall dissolve automatically. The order contains no recital or intimation that the injunction granted has as its purpose the maintenance of the status quo pending a final determination of the case on the merits.

■ The true character of an injunction is to be determined by its characteristics and functions. Whether an injunction is to be classified as temporary or permanent is determined by looking to the substance of the order. *Conway v. Irick*, 429 S.W.2d 648, 649 (Tex.Civ.App.—Fort Worth 1968, writ ref'd); *Owens v. Coker*, 368 S.W.2d 777, 778 (Tex.Civ.App.—Beaumont 1963, no writ).

■ The purpose of a temporary injunction is to preserve the status quo pending a final hearing on the merits. *Conway v. Irick, supra*, at 649. A permanent injunction is not dependent on any further action by the trial court and is characterized by the fact that it grants all of the relief which the court intends to grant in that case. *Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1974, no writ). The judgment in this case contains no suggestion that the court contemplates further action in the case. Instead, the injunction is expressly made subject to expiration at the end of three and one-half years. Stated differently, the judgment not only provides that plaintiff is entitled to injunctive relief restraining certain conduct by defendants for three and one-half years, but also makes it clear that plaintiff is entitled to no relief beyond such period. As the Court said in *Aloe Vera* speaking of an order enjoining defendant from interfering with plaintiff's employees and customers for a period ending January 1, 1975, "No more permanent order could be made with respect to [plaintiff's] claim for injunctive relief." 517 S.W.2d at 436.

■ The trial court correctly sustained defendants' special exceptions aimed at the portions of plaintiff's pleading which sought to enforce the provisions of the original contract of employment. Since the final judgment entered in accordance with

the agreement of the parties effectively disposed of plaintiff's contentions based on the original contract of employment, it finally disposed of the entire controversy between the parties and, therefore, the provisions of the contract of employment on which the judgment was based cannot be made the starting point for new litigation aimed at re-examining the questions already decided. The claim based on the contract became merged in the final judgment and cannot be the basis for a new claim. *Harrison v. Manvel Oil Co.*, 142 Tex. 669, 180 S.W.2d 909, 914 (1944); *Sawyer v. Smith*, 552 S.W.2d 936, 940 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.).

 All of defendants' exceptions refer to specific paragraphs of plaintiff's pleadings and clearly assert that the specified paragraph refers to and attempts to enforce the contract of employment which was superseded by the final judgment. Plaintiff's contention that the special exceptions were so general as to amount to no more than general demurrers is without merit.

The judgment of the trial court is affirmed.