ACCEPTED
04-15-00127-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/7/2015 8:43:48 AM
KEITH HOTTLE
CLERK

**No. 04-15-00127CV**

**IN THE COURT OF APPEALS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/7/2015 8:43:48 AM
KEITH E. HOTTLE
Clerk

**FOR THE 4TH JUDICIAL DISTRICT OF TEXAS**

**AT SAN ANTONIO**

---

**EL CABALLERO RANCH, INC.
AND LAREDO MARINE, L.L.C.,** *Appellants*

**V.**

**GRACE RIVER RANCH, LLC,** *Appellee*

---

**Appealed from
the 218th District Court of
La Salle County, Texas**

---

**MOTION FOR RECONSIDERATION OF ORDER ON
MOTION FOR EMERGENCY STAY OF TEMPORARY
INJUNCTION CHALLENGED ON INTERLOCUTORY APPEAL**

---

MOORMAN TATE HALEY
UPCHURCH & YATES, LLP

By:     STEVEN C. HALEY
        State Bar No. 08741900
        207 East Main
        P.O. Box 1808
        Brenham, Texas 77834-1808
        Telephone: (979) 836-5664
        Telecopier: (979) 830-0913
        shaley@moormantate.com

{18705.43065-00396771.DOCX}

MONTEZ & PATTERSON

John H. Patterson, Jr.
State Bar No. 24027716
Thornton Plaza
508 Thornton, Suite 4
Cotulla, Texas  78014
Telephone:  (830) 483-5191
Telecopier:  (830) 483-5192
john@montezandpatterson.com

JOE RUBIO LAW FIRM

JOE RUBIO
State Bar No. 17362100
1000 Washington St., Ste. 4
Laredo, Texas  78040
Telephone:  (956) 712-2223
Telecopier:  (956) 712-2225
joerubio@joerubiolawfirm.com

Attorneys for Appellee,

*Grace River Ranch, LLC*

# TABLE OF CONTENTS

REFERENCES TO PARTIES..................................................................................2

REFERENCES TO RECORD................................................................................2

STATEMENT OF THE CASE..............................................................................2

STATEMENT OF FACTS.....................................................................................3

    1.   Grace River Ranch..................................................................................3

    2.   El Caballero Ranch ...............................................................................3

    3.   7 C's Ranch ............................................................................................3

    4.   Common Source of Title of Grace River Ranch, El Caballero Ranch, and 7 C's Ranch ..................................................................3

    5.   Northerly Grace River Easement .........................................................7

    6.   Easterly Access Easement ....................................................................8

    7.   Grace River Easements ........................................................................9

    8.   Grace River Ranch the Successor Dominant Estate Owner of the Grace River Easements ..............................................................9

    9.   El Caballero and Laredo Marine are the Successor Servient Owners Under the Grace River Easements ...........................................11

    10.  Additional Private and Public Easements Along the Route of the Northerly Grace River Easement ............................................11

    11.  Use of the Northerly Grace River Easement .........................................13

    12.  Use of Easterly Grace River Easement .................................................16

    13.  Grace River Buys Grace River Ranch ....................................................17

    14.  Permitting ...............................................................................................17

    15.  Grace River Notifies El Caballero That Grace River is the Current Owner of the Northerly Grace River Easement ...................................17

    16.  Grace River Requests Keys and Access to the Northerly Grace River Easement..................................................................................17

    17.  El Caballero Refuses Access Along the Northerly Grace River Easement..................................................................................18

{18705.43065-00396771.DOCX}

**18. El Caballero Falsely and Unilaterally Attempted to Terminate the Northerly Grace River Easement, the Berry Easement, and the La Salle County Easement** .................................................................18

**19. The Original Basis for El Caballero's Excluding Grace River from the Northerly Grace River Easement are Failure of Purpose, Abandonment, and Impossibility** ..........................................18

**20. Traditional and No-Evidence Motion for Summary Judgment Filed by Grace River** ...........................................................................19

**21. El Caballero Files its First Amended Answer** .....................................19

**22. Intervention by Laredo Marine** .........................................................20

**23. Grace River's Traditional and No-Evidence Motion for Summary Judgment Heard and Submitted** ..............................................20

**24. Court Issues Letter Ruling** ...............................................................20

**25. Order Entered** ..................................................................................20

**26. Amended Order Entered** ...................................................................20

**27. Second Traditional and No-Evidence Motion for Summary Judgment by Grace River** ...........................................................................21

**28. Second Traditional and No-Evidence Motion for Summary Judgment Granted** ..........................................................................................22

**29. Judge Saxon Retires** .........................................................................22

**30. Judge Saxon Assigned to Stay With This Case** ..................................22

**31. Objection to Assignment of Judge Saxon** ..........................................22

**32. Motion for Entry of Partial Summary Judgment** ................................22

**33. Partial Summary Judgment** ...............................................................23

**34. Interlocutory Appeal** ........................................................................25

**35. Motion for Emergency Stay of Temporary Injunction Challenged in Interlocutory Appeal** ...................................................................25

**36. Order Granting Emergency Stay** .......................................................25

**ARGUMENTS AND AUTHORITIES** ................................................................**25**

**1. Partial Summary Judgment Includes an Interlocutory Permanent Injunction Not a Temporary Injunction** ..........................................25

**2. There Are No Unadjudicated Claims By or Against La Salle County** 28

**3. Grace River and Public Denied Access Without Jusitifcation** ............29

iv

**PRAYER** ............................................................................................................**29**

**APPENDIX A** ....................................................................................................**32**

{18705.43065-00396771.DOCX}

# TABLE OF AUTHORITIES

*Cases*

*Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.*, 517
    S.W.2d 433 (Tex. Civ. App. – Dallas 1974, no writ) .......................... 26, 27

*Brelsford v. Old Bridge Lake Community Serv. Corp.*, 784 S.W.2d
    700 (Tex. App. – Houston [14th Dist.] 1989, no writ) ......................... 26, 27

*Gensco, Inc. v. Thomas*, 609 S.W.2d 650 (Tex. Civ. App. – San
    Antonio 1980, no writ) ..................................................................................27

*James v. Hubbard*, 985 S.W.2d 516 (Tex. App. – San Antonio 1998,
    no pet.) ...........................................................................................................27

*Kelso v. Thorne*, 710 S.W.2d 735(Tex. App. – Corpus Christi 1986,
    no writ.) .........................................................................................................28

*Quest Communications Corp. v. AT&T Corp.*, 245 S.W.3d 334 (Tex.
    2000) ..............................................................................................................27

*Young v. Golfing Green*, 2012 WL 6685472 (Tex. App. – Dallas
    2012) ....................................................................................................... 26, 28

*Statutes*

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) ...................................... 25, 28

*Rules*

Tex. R. Civ. P. Rule 166a(a) .................................................................................26

{18705.43065-00396771.DOCX}

No. 04-15-00127CV

IN THE COURT OF APPEALS

FOR THE 4TH JUDICIAL DISTRICT OF TEXAS

AT SAN ANTONIO

---

EL CABALLERO RANCH, INC.
AND LAREDO MARINE, L.L.C., *Appellants*

V.

GRACE RIVER RANCH, LLC, *Appellee*

---

**Appealed from
the 218th District Court of
La Salle County, Texas**

---

**MOTION FOR RECONSIDERATION OF ORDER ON
MOTION FOR EMERGENCY STAY OF TEMPORARY
INJUNCTION CHALLENGED ON INTERLOCUTORY APPEAL**

---

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Appellee, Grace River Ranch, LLC respectfully files this, its Motion for

Reconsideration of Order on Motion for Emergency Stay of Temporary Injunction

Challenged on Interlocutory Appeal, in this interlocutory appeal from a Partial

Summary Judgment entered in the 218th District Court of La Salle County, Texas,

the Honorable Stella Saxon, presiding.

## REFERENCES TO PARTIES

Appellee, Grace River Ranch, LLC, is sometimes referred to herein simply as "Grace River." Appellant, El Caballero Ranch, Inc., is sometimes referred to herein simply as "El Caballero." Appellant, Laredo Marine, L.L.C., is sometimes referred to herein simply as "Laredo Marine." Intervenor, Robert W. Brittingham, is sometimes referred to herein simply as "Brittingham."

## REFERENCES TO RECORD

References to the transcript from the District Court of La Salle County are referred to as "CR" (Clerk's Record), or similar reference, followed by the appropriate Volume and Page number(s). Reference to the Reporter's Record are referred to as "RR" followed by the appropriate Volume and Page number(s).

## STATEMENT OF THE CASE

This suit was brought in the trial court by Grace River against El Caballero and Laredo Marine for declaratory relief, injunctive relief, and damages seeking to gain access to certain deeded private easements (collectively the "Grace River Easements") and a public easement (the "Public Easement") crossing both El Caballero Ranch (belonging to El Caballero) and 7 C's Ranch (belonging to Laredo Marine). These easements were and are blocked by locked gates maintained by both El Caballero and Laredo Marine. Intervenor, Brittingham, brought suit against El Caballero and Laredo Marine seeking similar relief.

2

Brittingham has now settled with El Caballero and Laredo Marine gaining complete access to Brittingham's similar easement as sought in Brittingham's Plea in Intervention. Additionally, El Caballero and Laredo Marine paid all of Brittingham's attorney's fees.

## STATEMENT OF FACTS

1. **Grace River Ranch.** Grace River is the owner of the 6,779.066 acre "Grace River Ranch" located in La Salle County, Texas. CR I, 38-39, 61-77, 263-264. Grace River is a Texas limited liability company formed on December 28, 2012 as "Rio Gracia, LLC." On January 30, 2013, the registered name of Rio Gracia LLC was changed to "Grace River Ranch, LLC. CR I, 8, 56-60.

2. **El Caballero Ranch.** El Caballero is the owner of at least 9,220.993 acres comprising the "El Caballero Ranch" also located in La Salle County. CR I, 39-40, 81-91, 263-64; CR III, 105-125.

3. **7 C's Ranch.** Laredo Marine is the owner of a 30,074.41 acre tract known as the "7 C's Ranch" located in La Salle and Webb Counties, Texas. CR I, 40-42.

4. **Common Source of Title of Grace River Ranch, El Caballero Ranch, and 7 C's Ranch.** The Grace River Ranch, the El Caballero Ranch, and the 7 C's Ranch, have a common source of title, being Patrick H. Welder, Jr. The parent tract was acquired by Patrick H. Welder, Jr. by deed dated January 28, 1963.

3

The histories of Grace River Ranch, the El Caballero Ranch, and the 7 C's Ranch subsequent to that common source of title appear below in tabular form:

**Figure 1.**

| Title History – Grace River Ranch | | |
|---|---|---|
| **Document** | **Date** | **Reference to Record** |
| General Warranty Deed, Patrick H. Welder, Jr. to John T. Mundy and Sue E. Mundy | September 6, 1995 | CR I, 92-103 |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to The Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees) | December 17, 2012 | CR I, 104-112 |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co-Trustees of the Roy and Bonnie Goodwin Family Ranch Trust Dated December 17, 2012 to Rio Gracia, LLC | December 31, 2012 | CR I, 61-77 |

4

**Figure 2.**

| Title History – El Caballero Ranch | | |
| --- | --- | --- |
| **Document** | **Date** | **Reference to the Record** |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. | February 3, 1997 | CR I, 113-129 |
| Warranty Deed, Knight Oil Tools, Inc. to El Caballero Ranch, Inc. | March 30, 1998 | CR I, 81-91 |

{18705.43065-00396771.DOCX}

**Figure 3.**

| Title History – 7 C's Ranch | | |
|---|---|---|
| **Document** | **Date** | **Reference to the Record** |
| Warranty Deed, Patrick H. Welder, Jr. to E. J. Cop (30,074.41 ac.) | October 6, 1999 | CR III, 126-144 |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee (15,000 ac.) | March 22, 2000 | CR III, 146-164 |
| Warranty Deed, E.J. Cop to Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich (15,074.41 ac.) | March 22, 2000 | CR III, 165-191 |
| Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr., and Joseph P. Gerlich to Damon Chouest, Inc. | March 22, 2000 | CR III, 192-222 |
| Correction Warranty Deed With Vendor's Lien, Dennis J. Wilkerson, Trustee, Samuel H. Vester, Jr. and Joseph P. Gerlich to Damon Chouest, Inc. | April 18, 2011 (Effective March 22, 2000) | CR III, 223-258 |
| General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Marine, L.L.C. | December 18, 2000 | CR III, 259-295 |

{18705.43065-00396771.DOCX}

| Title History – 7 C's Ranch | | |
| --- | --- | --- |
| **Document** | **Date** | **Reference to the Record** |
| Correction General Warranty Deed With Assumption of Security Documents, Damon Chouest, Inc. to Laredo Maine, L.L.C. | April 20, 2011 (Effective December 18, 2000) | CR III, 105-125 |

*See also* CR I, 42-44.

**5.** **<u>Northerly Grace River Easement</u>.** Contemporaneously with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder created and granted an "Access Easement Agreement" for vehicular and pedestrian access in favor of purchasers, John T. Mundy and Sue E. Mundy, leading from Grace River Ranch over and across Welder's retained property inclusive of the present El Caballero Ranch and 7 C's Ranch and passing along a prescribed and surveyed route northward from Grace River Ranch toward FM 624. This Access Easement Agreement provided in pertinent part:

    (1)     the easement was 80 feet in width;

    (2)     the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

    (3)     no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present El Caballero

{18705.43065-00396771.DOCX}

Ranch and/or 7 C's Ranch other than gates through which the easement owner might pass without assistance;

(4)     the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

(5)     the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

(6)     the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County;

(7)     the easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Northerly Grace River Easement"). CR I, 44-45, 130-146, 263-264.

6.    **Easterly Access Easement.**  Contemporaneous with the creation and sale of the present Grace River Ranch by Patrick H. Welder, Jr. on September 6, 1995, Welder also created and granted an additional "Access Easement Agreement" for vehicular and pedestrian access in favor of purchasers, John T. Mundy and Sue E. Mundy, to the present Grace River Ranch over and across Welder's retained property inclusive of the present 7 C's Ranch property and passing along a described route towards State Highway 44.  This second Access Easement Agreement provided in pertinent part:

(1)     the easement was 80 feet in width;

8

(2) the access was for vehicular and pedestrian access along the described route of the easement for each owner of the present Grace River Ranch, their employees, agents, and invitees;

(3) no barriers were to be erected to interfere with the free flow of vehicular and pedestrian traffic across the present 7 C's Ranch property other than gates through which the easement owner might pass without assistance;

(4) the servient owner was to provide the easement owner with all necessary keys to open gates such that all gates could be freely opened and closed without assistance;

(5) the easement was binding upon and inured to the benefit of all subsequent owners of the servient and dominant estates;

(6) the easement could not be subsequently amended except by a writing by the owners of the servient and dominant estates and signed and filed of record in La Salle County, Texas.

(7) The easement was appurtenant to the present Grace River Ranch.

(hereinafter the "Easterly Access Easement").  CR I, 45-46, 263-264; CR III, 296-308.

**7.**     **Grace River Easements.**  The Northerly Grace River Easement and the Easterly Grace River Easement are herein sometimes collectively referred to as the "Grace River Easements".

**8.**     **Grace River Ranch the Successor Dominant Estate Owner of the Grace River Easements.**  Grace River is the successor in title to the dominant estate of the Grace River Easements per the following chain of title:

{18705.43065-00396771.DOCX}

**Figure 4.**

| Grace River Easements Title History (Dominant Estate) | | |
|---|---|---|
| **Instrument** | **Date** | **Reference to the Record** |
| Access Easement Agreement (Northerly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | CR I, 130-146 |
| Access Easement Agreement (Easterly), Patrick H. Welder, Jr. to John T. Mundy, et ux | September 6, 1995 | CR III, 296-308 |
| Special Warranty Deed, John T. Mundy and Sue E. Mundy to Roy and Bonnie Goodwin Family Ranch Trust (Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, as Co-Trustees) The Grace River Easements were expressly conveyed as part of this transaction. | December 17, 2012 | CR I, 101-112 |
| Special Warranty Deed, Veda Gwen Goodwin Treat and Kelly Maxwell Goodwin, Co Trustees of the Roy and Bonnie Goodwin Family Ranch Trust of December 17, 2012 to Rio Gracia, LLC. The Grace River Easements were expressly conveyed as part of this transaction. | December 31, 2012 | CR I, 61-77 |

*See also* CR I, 46-47.

{18705.43065-00396771.DOCX}

**9.** **El Caballero and Laredo Marine are the Successor Servient Owners Under the Grace River Easements.** El Caballero, as the owner of the El Caballero Ranch, is the successor in title to that part of the servient estate encumbered by the Northerly Grace River Easement and lying within the El Caballero Ranch per the chain set out in Figure 2. Laredo Marine, as the owner of the 7 C's Ranch, is the successor in title to that part of the servient estate encumbered by both the Northerly Grace River Easement and the Easterly Grace River Easement and lying within 7 C's Ranch per the chain of title set out in Figure 3.

All vesting deeds into El Caballero and Laredo Marine, and their predecessors in title, made after September 6, 1995 (the date the Grace River Easements were created), are expressly made subject to the Northerly Access Agreement, the Easterly Access Agreement, and the Public Easement (as applicable). CR I, 10, 81-91, 113-129; CR III, 105-125, 126-144, 146-164, 165-191, 192-222, 223-258, 259-295.

**10.** **Additional Private and Public Easements Along the Route of the Northerly Grace River Easement.** The Northerly Grace River Easement is non-exclusive. Additional parties have valid public and/or private easements along the route of the Northerly Grace River Easement and across El Caballero Ranch and

11

the 7 C's Ranch, which easements were originally created by the following instruments:

**Figure 5.**

| Additional Public and/or Private Easements Along the Northerly Grace River Easement | | |
|---|---|---|
| **Instrument** | **Date** | **Reference to the Record** |
| Access Easement Agreement, Patrick H. Welder, Jr. to Jim Berry and Bob Berry (hereafter the "Berry Easement") (now owned by Brittingham) | March 31, 1995 | CR I, 157-173 |
| Vendor's Lien Deed, Patrick H. Welder, Jr. to Knight Oil Tools, Inc. (hereafter the "Welder Easement") This instrument expressly retained an access easement in favor of Patrick H. Welder, Jr. | February 3, 1997 | CR I, 113-129 |
| Right-of-Way Deed, Ruth Bradley Watkins, Individually and as Independent Executor of the Will and Estate of Griffin Watkins, Deceased, et al to G.A. Welhausen, County Judge, La Salle County, Texas (the "Public Easement"). | February 3, 1939 | CR I, 174-177 |

*See also* CR I, 47-48.

These additional easements have not been subsequently revoked, released, or terminated.

12

**11.     Use of the Northerly Grace River Easement.**  After the creation and recordation of the Northerly Grace River Easement in favor of John T. Mundy and Sue E. Mundy (hereinafter collectively "Mundy"), Mundy extensively used the Northerly Grace River Easement for access to the Grace River Ranch (then the Mundy Ranch).  Mundy was originally supplied with a key to all gates across the Northerly Grace River Easement by Patrick H. Welder, Jr.  The Northerly Grace River Easement crossed the Nueces River over a low water crossing originally constructed by La Salle County decades prior to Mundy's easement on a public road (the "Public Easement") along the same path as the Northerly Grace River Easement (hereafter called the "Low Water Crossing").

On February 3, 1997, Knight Oil Tools acquired the current El Caballero Ranch by Vendor's Lien Deed made <u>expressly subject to the Northerly Grace River Easement, the Berry Easement, and the Public Easement</u>.  Knight Oil Tools, Inc. then conveyed the El Caballero Ranch to a related entity, El Caballero, on March 30, 1998 also <u>expressly subject to the same preexisting easements</u>.

Eddie Knight, a principal of both Knight Oil Tools, Inc. and El Caballero Ranch supplied Mundy with keys to a new gate lock placed by Knight Oil Tools/El Caballero Ranch along the route of the Northerly Grace River Easement.  Later Knight Oil Tools/El Caballero Ranch supplied a second and updated key to a replacement lock along the route of the Northerly Grace River Easement.  Mundy

continued to make extensive use of the Northerly Grace River Easement for access and egress to the Mundy Ranch.

Sometime thereafter, there was a washout of 65 feet of the southern approach to the decades old Low Water Crossing. The majority of the span of the Low Water Crossing remains intact. This washout limited the use of the Northerly Grace River Easement as a through way to FM 624 by Mundy while Mundy waited for the repair of the Low Water Crossing. Crossing the Nueces River required a 4WD vehicle thereafter. Mundy temporarily limited Mundy's travel along the entirety of the Northerly Grace River Easement for this reason only. Mundy mostly utilized alternative access. However, there was no change in the road that indicated to Mundy that any party was attempting to deny Mundy the use of the Northerly Grace River Easement as it crossed either the El Caballero Ranch or the 7 C's Ranch. There were no visual indications on the road that either servient owner then failed to recognize the continuity of the Northerly Grace River Easement. Nothing about the gates or road indicated any change in circumstances. Nothing indicated that Mundy's key was no longer valid to access the road. Neither El Caballero nor Laredo Marine repudiated the easement to Mundy. Mundy never intended to nor did Mundy relinquish Mundy's right to use the Northerly Grace River Easement after the washout. No one connected with El Caballero Ranch or 7 C's Ranch ever challenged Mundy's right to use the

14

Northerly Grace River Easement. Mundy would have vigorously opposed any such effort.

The Northerly Grace River Easement also crosses the present 7 C's Ranch between Grace River Ranch and the Nueces River to the north along the route described in the Northerly Grace River Easement. During the time that Damon Chouest, Inc. and Laredo Marine, L.L.C. owned the 7 C's Ranch, they had a Ranch Manager running operations named Chad Edwards. During this period, all gates lying along the Northerly Grace River Easement on the 7 C's Ranch were taken down and/or unlocked except one new gate lying several hundred yards south of the Nueces River. This gate was kept locked with a lock requiring a key. Mundy was originally provided with a duplicate copy of this key by Chad Edwards <u>after the southern approach to the Low Water Crossing washed out</u> in anticipation of its later use. At all times while Mundy and Mundy-related entities owned the Grace River Ranch, Mundy had the use of the Northerly Grace River Easement. Mike Treat, a caretaker for the Mundy Property, utilized the 7 C's Ranch portion of the Northerly Grace River Easement several times a year each year for the period extending between 2000 and 2013. No one connected with 7 C's Ranch ever disputed that use. CR I, 81-91, 113-129, 130-146, 178-183, 184-189, 263-264, 273-278, 279-280; CR II, 1; CR III, 310-314.

{18705.43065-00396771.DOCX}

**12.     Use of Easterly Grace River Easement.**     After the creation and recordation of the Easterly Grace River Easement in favor of Mundy, Mundy extensively used the Easterly Grace River Easement for access to the Grace River Ranch (then the Mundy Property).  The Easterly Grace River Easement provided access to the Mundy Ranch from an easterly direction across the present 7 C's Ranch Property.   This was one of the preferred routes to reach the Ranch convenient to Mundy.  There was a locked gate where the Easterly Grace River Easement entered the present 7 C's Ranch.  Mundy maintained Mundy's own lock on this gate to allow them to come and go along the Easterly Grace River Easement.  During the entire time of Mundy's ownership of the Ranch, no one connected with any of the owners of the present 7 C's Ranch ever attempted to restrict or prohibit Mundy's use of the Easterly Grace River Easement.  Mundy used it frequently and without protest from anyone.  No one connected with the ownership of 7 C's Ranch ever challenged Mundy's right to use the Easterly Grace River Easement for as long as Mundy owned the Ranch.  If they had, Mundy would have vigorously opposed any such effort.  Representatives of Grace River Ranch have used the Easterly Access Easement freely since Grace River purchased the Grace River Ranch without complaint or opposition by anyone connected with 7 C's Ranch.  CR I, 53, 178-183, 184-189, 263-64; CR III, 105-125, 310-314.

{18705.43065-00396771.DOCX}

**13.** **Grace River Buys Grace River Ranch.** On December 31, 2012 Grace River bought the Grace River Ranch and appurtenant easements, inclusive of the Grace River Easements. CR I, 49, 61-77.

**14.** **Permitting.** Grace River then obtained all necessary governmental permitting and easements from the General Land Office of Texas (GLO) and the U.S. Army Corps of Engineers to repair and utilize the Low Water Crossing.

The GLO has now issued a Miscellaneous Easement to Grace River for the Nueces River Crossing. The Miscellaneous Easement was applied for and issued in complete conformity with the statutes and regulations governing such easements. The GLO issued the Miscellaneous Easement in the public interest notwithstanding objection by El Caballero and Laredo Marine. The GLO has no plans to revoke, suspend, or modify the Miscellaneous Easement. CR I, 14-15; CR II 23-55; CR III, 2-33, 34-102.

**15.** **Grace River Notifies El Caballero That Grace River is the Current Owner of the Northerly Grace River Easement.** In February, 2013 Grace River notified El Caballero that Grace River was the current owner of the Northerly Grace River Easement. CR I, 49, 256-257, 258-260.

**16.** **Grace River Requests Keys and Access to the Northerly Grace River Easement.** Beginning February 22, 2013, Grace River requested keys and

access to the Northerly Grace River Easement as it traverses El Caballero Ranch. CR I, 49, 258-260, 261-262.

17. **El Caballero Refuses Access Along the Northerly Grace River Easement.** In response to requests by Grace River for access along the Northerly Grace River Easement, El Caballero refused any access along the easement. CR I, 50, 190-193, 194-195, 268-270; CR II, 5-16.

18. **El Caballero Falsely and Unilaterally Attempted to Terminate the Northerly Grace River Easement, the Berry Easement, and the La Salle County Easement.** In direct response to Grace River's request for access, on or about March 5, 2013, El Caballero attempted to falsely and unilaterally terminate the Northerly Grace River Easement, the Berry Easement (now owned by Intervenor, Robert W. Brittingham), and the Public Easement by recording in the Official Records of La Salle County, a "Notice of Revocation and Termination of Easement and Access Easement Agreements" by claims of abandonment, failure of purpose, and impossibility. Prior to that date neither El Caballero nor its predecessors in title had taken an action to cancel or repudiate the Northerly Grace River Easement. CR I, 50, 196-255. This suit followed shortly thereafter.

19. **The Original Basis for El Caballero's Excluding Grace River from the Northerly Grace River Easement are Failure of Purpose, Abandonment, and Impossibility.** The original basis of El Caballero's refusal to

allow use of the Northerly Grace River Easement was failure of purpose, abandonment, and impossibility. El Caballero's initial legal position, long since abandoned, was that Grace River could not secure the necessary permitting to rebuild the Low Water Crossing. CR I, 190-193, 196-255, 268-270; CR II, 17-22.

**20.** **Traditional and No-Evidence Motion for Summary Judgment Filed by Grace River.** On July 18, 2013, Grace River filed in the trial court its Traditional and No-Evidence Motion for Summary Judgment to determine and declare the validity of the Northerly Grace River Easement and of the public roadway along the route of the Northerly Grace River Easement based on the original failure of purpose, abandonment, and impossibility defenses raised to El Caballero. This Motion was set for hearing before the Court on September 26, 2013. Second Supplemental CR I, 426; Second Supplemental CR II, 55.

**21.** **El Caballero Files its First Amended Answer.** On or about September 18, 2013 approximately seven days prior to the scheduled hearing on the above Traditional and No-Evidence Motion for Summary Judgment, El Caballero filed in the trial court its First Amended Answer, Defenses & Counterclaim (the "Amended Answer"). The Amended Answer raised the additional defense of adverse possession under TEX. CIV. PRAC. & REM. CODE ANN. § 16.026. Second Supplemental CR I, 427-433.

{18705.43065-00396771.DOCX}

**22.  Intervention by Laredo Marine.**  On that same day, September 18, 2013, Laredo Marine filed in the trial court its Original Petition in Intervention and Counterclaim contesting the validity of the Northerly Grace River Easement and the public road running along the path of the Northerly Grace River Easement on grounds of abandonment, failure of purpose, and adverse possession/limitations. Second Supplemental CR I, 433-438.

**23.  Grace River's Traditional and No-Evidence Motion for Summary Judgment Heard and Submitted.**  The Traditional and No-Evidence Motion for Summary Judgment filed by Grace River was heard by the Court on September 26, 2013.  The Motion was extensively and exhaustively argued and briefed by the Parties.  Second Supplemental CR II, 55.

**24.  Court Issues Letter Ruling.**  On or about June 12, 2014, the Court entered its letter ruling that was granting the Traditional and No-Evidence Motion for Summary Judgment of GRACE RIVER.  Second Supplemental CR II, 8-9.

**25.  Order Entered.**  Over eight months after the hearing date, on July 7, 2014, the Court entered its Order Granting Traditional and No-Evidence Motion for Summary Judgment in favor of Grace River. Second Supplemental CR II, 10-13.

**26.  Amended Order Entered.**  On August 4, 2014, the Court entered its First Amended Order Granting Traditional and No-Evidence Motion for Summary

{18705.43065-00396771.DOCX}

Judgment in favor of Grace River. The Court by its First Amended Order Granting Traditional and No-Evidence Motion for Summary Judgment found as follows:

1. **Private Easement.** GRACE RIVER RANCH, LLC (GRACE RIVER) has a valid and subsisting non-exclusive express easement across El Caballero Ranch for vehicular and pedestrian access to and egress from Grace River Ranch along that part of the Grace River Easement lying within El Caballero Ranch, with the right to use and maintain the road thereon and any culverts, low water crossings, or bridges lying along the Grace River Easement which has not been abandoned, become impossible, or relinquished, or failed of its purpose.

2. **Public Road.** There is a valid and subsisting express public road across El Caballero Ranch along the route and of the width described in the County Road Easement for that part of the County Road Easement lying within El Caballero Ranch which public road has not been abandoned or relinquished by La Salle County, become impossible, or failed of its purpose. Second Supplemental CR II, 55-57.

The trial court's order was expressly made interlocutory. It made no attempt to adjudicate claims filed after the filing date of the original Motion.

**27.** **Second Traditional and No-Evidence Motion for Summary Judgment by Grace River.** Grace River then filed its Second Motion for Traditional and No-Evidence Motion for Summary Judgment seeking summary judgment on the additional issues and against the additional parties raised and/or intervening after the filing of the original Motion (as granted by the Court on July 7, 2014 and again on August 4, 2014) and pertaining to all matters concerning the

21

validity and continuity of the Grace River Easements and the Public Easement. This was heard on September 18, 2014. CR I, 1-280; CR II, 1-55; CR III, 1-408.

**28.** **Second Traditional and No-Evidence Motion for Summary Judgment Granted.** On December 17, 2014, Judge Saxon issued her letter ruling that the Second Traditional and No-Evidence Motion for Summary Judgment of Grace River was granted. CR V, 166.

**29.** **Judge Saxon Retires.** Judge Saxon retired effective December 31, 2014. Grace River sent to Judge Saxon a proposed Partial Summary Judgment consistent with her letter ruling prior to this date. However, no formal order was entered prior to Judge Saxon's retirement date.

**30.** **Judge Saxon Assigned to Stay With This Case.** On January 6, 2015, Presiding Judge for the Fourth Administrative Region, David Peeples, assigned Judge Saxon to this case. CR V, 169.

**31.** **Objection to Assignment of Judge Saxon.** On January 9, 2015, El Caballero and Laredo Marine both filed their Objection to Assignment of Visiting Judge objecting to Judge Saxon's assignment to this case. CR V, 170-171.

**32.** **Motion for Entry of Partial Summary Judgment.** Pursuant to a Motion for Entry of Partial Summary Judgment filed by Grace River, a hearing was conducted by Judge Saxon on March 3, 2015. RR, 3.

{18705.43065-00396771.DOCX}

**33.** **Partial Summary Judgment.** At the conclusion of the March 3, 2015 hearing, Judge Saxon entered a Partial Summary Judgment making a final determination of all issues relating to the validity, continuity, and extent of the Grace River Easements and the Public Easement. CR V, 285. The only claims remaining unadjudicated after March 3, 2015 were:

(1.) All damage claims by Grace River against El Caballero and Laredo Marine by reason of the disruption or blocking of the Grace River Easements and the La Salle County Easement.

(2.) All claims for attorney's fees and costs. CR V, 285.

The Partial Summary Judgment made a final determination of all issues relating to the validity, continuity, and extent of the Grace River Easements and the Public Easement as follows:

(1.) Private Easement. Grace River has valid and subsisting non-exclusive express easements across El Caballero Ranch, 7 C's Ranch, and the Nueces River Crossing for vehicular and pedestrian access to and egress from Grace River Ranch along that part of the Grace River Easements lying within El Caballero Ranch, 7 C's Ranch, and/or the Nueces River Crossing with the right to use and maintain the road thereon and any culverts, low water crossings, or bridges lying along the Grace River Easement in conformity with the rights and privileges and subject to the requirements set out in the Grace River Easements and the Miscellaneous Easement.

(2.) Public Road. There is a valid and subsisting public road across El Caballero Ranch, 7 C's Ranch, and Nueces River Crossing along the route and of the width described in the County Road Easement for that part of the County Road Easement lying within El Caballero Ranch, 7 C's Ranch, and the Nueces River Crossing. CR V, 284.

23

The Partial Summary Judgment, after finally determining all issues regarding the existence of the Grace River Easements and the Public Easement permanently enjoined El Caballero and Laredo Marine as follows:

1. <u>Private Easements</u>.  El Caballero and Laredo Marine are enjoined from:

    (a.)    Erecting or maintaining any barriers, fences, or gates of any kind that would interfere with or obstruct the free flow of vehicular or pedestrian access, on, over, or across the Grace River Easements other than gates currently located on El Caballero Ranch or 7 C's Ranch.  All such gates must be maintained and/or secured such that Grace River may pass through them without assistance.  Laredo Marine shall remove the fence along the Northerly Grace River easement and located within 7 C's Ranch within 30 days of the date entry of this Partial Summary Judgment.

    (b.)    Maintaining any gate or barrier along or across the Grace River Easements without providing all necessary keys, combinations, or codes to GRACE RIVER to open such gates without assistance.  Such keys, combinations, or codes are to be delivered to Grace River not later than 3 days from the entry hereof, and prior to an installation of any future rekeyed, reconfigured, or recoded lock.

    (c.)    Taking any action to prevent Grace River from freely opening and closing any gates in the Grace River Easements without assistance.

    (d.)    Preventing or obstructing Grace River from using, having access across, or undertaking the maintenance or repair of the roadway, bridges, low water crossings, culverts, grades, trimming, etc. along the Grace River Easements and Nueces River Crossing.

{18705.43065-00396771.DOCX}

2. <u>Public Road</u>.  El Caballero and Laredo Marine are permanently enjoined from:

   (a.)    Preventing or obstructing maintenance or repair of the roads, bridges, culverts, grades, or low water crossings lying along the County Road Easement.  CR V, 284-285.

**34.    Interlocutory Appeal.**  From the Partial Summary Judgment, El Caballero and Laredo Marine have erroneously brought this Interlocutory Appeal pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (appeal of grant of temporary injunction).  CR V, 287-294.

**35.    Motion for Emergency Stay of Temporary Injunction Challenged in Interlocutory Appeal.**  On March 11, 2015, Appellants filed herein their Motion for Emergency Stay of Temporary Injunction Challenged in Interlocutory Appeal.

**36.    Order Granting Emergency Stay.**  On March 12, 2015, this Court granted the emergency stay requested by Appellants staying the injunctive relief granted by the Partial Summary Judgment and denying access by Grace River to the public and private easements determined to exist in Grace River's favor by the Court below.

### ARGUMENTS AND AUTHORITIES

**1.    Partial Summary Judgment Includes an Interlocutory Permanent Injunction Not a Temporary Injunction.**  Appellants' Motion for Emergency

25

Stay of Temporary Injunction Challenged in Interlocutory Appeal (the "Motion") is based on the unsupported misconception that the Partial Summary Judgment, because interlocutory, is a "temporary injunction." *See,* Motion at 1-10. Appellants misapprehend the law and the state of the record. An interlocutory judgment may contain a permanent injunction. *See Young v. Golfing Green*, 2012 WL 6685472 at *1 (Tex. App. – Dallas 2012); *Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.,* 517 S.W.2d 433, 436 (Tex. Civ. App. – Dallas 1974, no writ); *Brelsford v. Old Bridge Lake Community Serv. Corp.,* 784 S.W.2d 700, 701-02 (Tex. App. – Houston [14th Dist.] 1989, no writ).

The Partial Summary Judgment makes it clear that the trial court intended to issue a permanent injunction. The Court expressly stated that the Partial Summary Judgment decided all claims of the Parties relating to the validity, continuity, and extent of the easements and leaving only damage claims for later adjudication. CR V, 285. Because the damage claims presented genuine issue of fact, the trial court rendered interlocutory relief as expressly authorized by Tex. R. Civ. P. Rule 166a(a). The injunction does not contemplate any further order of the court or have any time limitations on its application. CR V, 284-285. There was no trial necessary to resolve the merits of Grace River's easement claims.

The true character of an injunction is to be determined by its characteristics and functions. *Gensco, Inc. v. Thomas*, 609 S.W.2d 650, 651 (Tex. Civ. App. –

{18705.43065-00396771.DOCX}

San Antonio 1980, no writ); *James v. Hubbard*, 985 S.W.2d 516, 518 (Tex. App. – San Antonio 1998, no pet.) Whether an injunction is temporary or permanent is determined by looking at the substance of the order. *Gensco v. Thomas, supra* at 651. The purpose of a temporary injunction is to preserve the status quo pending a final hearing to determine the merits. *Id.* However, conversely, a permanent injunction is not dependent on any further action on the merits by the trial court. *Id.* A permanent injunction grants all relief the trial court intends to grant on that subject matter. *Id.* This is clearly the case with the Partial Summary Judgment. It expressly and finally resolves the merits of the easement claims. It also grants the injunctive relief necessary to allow Grace River to make effective use of its property rights. No more permanent order could be made with respect to Grace River's claims for injunctive relief than the trial court made. *Id.* The Partial Summary Judgment is an interlocutory order granting a permanent injunction. Because the trial court's order grants a permanent injunction, it is not a "temporary injunction" as represented in the Motion. *See Quest Communications Corp. v. AT&T Corp.*, 245 S.W.3d 334, 336 (Tex. 2000); *Brelsford v. Old Bridge Lake Community Serv. Corp.*, 784 S.W.2d 700, 702 (Tex. App. – Houston [14th Dist.] 1989, no writ); *Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 436-37 (Tex. Civ. App. – Dallas 1974, no writ); *Young v. Golfing Green Homeowners Ass'n, Inc.,* 2012 WL 6685472 at *1 (Tex. App. – Dallas

{18705.43065-00396771.DOCX}

2012); *Kelso v. Thorne*, 710 S.W.2d 735, 736-37 (Tex. App. – Corpus Christi 1986, no writ.). In the absence of a temporary injunction, there is no jurisdiction to support the present interlocutory appeal or the emergency stay. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

2. **There Are No Unadjudicated Claims By or Against La Salle County.** Appellants suggest by the Motion that there exists ongoing litigation to determine whether valid public and private easements exist. Motion at n. 1, 3. This misapprehends the record. The trial court has already made its final determination of <u>all</u> issues related to the validity, continuity, and extent of the public and private easements. CR V, 285.

Appellants suggest by the Motion that other [unidentified] claims and parties still remain pending including claims against the County of La Salle. Motion at 3. Although not disclosed by the Motion, La Salle County filed below its Plea to the Jurisdiction claiming that the county was immune from Appellants' third party claims on the basis of sovereign immunity. That Plea to the Jurisdiction was granted on July 27, 2015. Order – Plea to the Jurisdiction. *Refer to* Appendix A. Grace River has recently supplemented the record with this order. La Salle County is no longer a party in the suit below. Nor does the County have any pending affirmative claims either by or against it.

{18705.43065-00396771.DOCX}

3. **Grace River and Public Denied Access Without Jusitifcation.**

Appellants have persistently denied Grace River and the public use of deeded, recorded, and fully adjudicated easements for 2½ years having posted no bond or security against their high-handed self help. Rather than demonstrating a right or entitlement, Appellants have lost on summary judgment every substantive basis by which they have attempted to justify their actions. A third full year is fast approaching with Grace River and the public being wrongfully locked off of the road. Appellants have unilaterally misappropriated public and private property rights to their own ends attempting to create by this means a despotic fiefdom imperiously unanswerable to and unmindful of the orders of the trial court. At last count, Appellants have now filed four separate causes in this Court alone to delay Grace River and the public in the enjoyment of their respective rights. Every day that Appellants are allowed to deny this road without legal justification is another victory in a purposeful campaign of delay and obfuscation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that Order staying the injunctive relief of the Partial Summary Judgment be in all things withdrawn.

Dated:     August 7, 2015

Respectfully submitted,

29

MOORMAN TATE HALEY
 UPCHURCH & YATES, L.L.P.


By:＿＿／s/ STEVEN C. HALEY＿＿＿＿＿
        STEVEN C. HALEY
        State Bar No. 08741900
        207 East Main
        P.O. Box 1808
        Brenham, Texas 77834-1808
        Telephone: (979) 836-5664
        Telecopier: (979) 830-0913
        shaley@moormantate.com


MONTEZ & PATTERSON

        John H. Patterson, Jr.
        State Bar No. 24027716
        Thornton Plaza
        508 Thorton, Suite 4
        Cotulla, Texas  78014
        Telephone:  (830) 483-5191
        Telecopier:  (830) 483-5192
        john@montezandpatterson.com


JOE RUBIO LAW FIRM

        JOE RUBIO
        State Bar No. 17362100
        1000 Washington St., Ste. 4
        Laredo, Texas  78040
        Telephone:  (956) 712-2223
        Telecopier:  (956) 712-2225
        joerubio@joerubiolawfirm.com


Attorneys for Appellee,

*Grace River Ranch, LLC*


30

## **CERTIFICATE OF SERVICE**

I, Steven C. Haley, do hereby certify that on the 7th day of August, 2015, I served a true and correct copy of the foregoing pleading to the following, in accordance with the Texas Rules of Civil Procedure:

Annalyn G. Smith
Schmoyer Reinhard, LLP
17806 I-10W, Ste. 400
San Antonio, Texas  78257
E-mail:  asmith@ar-llp.com

Kimberly S. Keller
Keller Stolarczyk PLLC
234 West Bandera Road, No. 120
Boerne, Texas  78006
E-mail:  kim@kellsto.com

Donato D. Ramos
Donato D. Ramos, Jr.
Law Offices of Donato D. Ramos
6721 McPherson
P.O. Box 452009
Laredo, Texas  78045
donatoramosjr@ddrlex.com

/s/ STEVEN C. HALEY
STEVEN C. HALEY

31

**APPENDIX A**

{18705.43065-00396771.DOCX}

CAUSE NO. 13-04-00108-CVL

| | | |
|---|---|---|
| GRACE RIVER RANCH, LLC | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| EL CABALLERO RANCH, INC. A/K/A | § | |
| EL CABALLERO, LLC AND LAREDO | § | 218th JUDICIAL DISTRICT |
| MARINE, L.L.C. | § | |
| | § | |
| v. | § | |
| | § | |
| COUNTY OF LA SALLE | § | LASALLE COUNTY, TEXAS |

## ORDER – PLEA TO THE JURISDICTION

On April 1, 2015, came on for hearing the Plea to the Jurisdiction filed herein by Third Party Defendant COUNTY OF LA SALLE ("La Salle County"). Plaintiff GRACE RIVER RANCH, LLC, Defendants/Third Party Plaintiffs EL CABALLERO RANCH, INC. a/k/a EL CABALLERO, LLC and LAREDO MARINE, LLC, (collectively "El Caballero"), and Third Party Defendant La Salle County each appeared by and through counsel.

The Court having considered the pleadings, arguments and evidence presented, SUSTAINS the Plea to the Jurisdiction. All claims for relief of El Caballero against La Salle County are dismissed.

Rendered and Signed July 27, 2015.

_Russell Wilson_
Judge Presiding

FILED FOR RECORD
At 8:10 o'clock A M.

JUL 29 2015

MARGARITA A. ESQUEDA
COUNTY & DISTRICT CLERK
LA SALLE COUNTY, TEXAS
BY _____ DEPUTY