

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00127-CV

**EL CABALLERO RANCH, INC.** and Laredo Marine, L.L.C.,
Appellants

v.

**GRACE RIVER RANCH, LLC**,
Appellee

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 13-04-00108-CVL
Honorable Stella Saxon, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 21, 2015

MOTION TO DISMISS GRANTED; DISMISSED FOR LACK OF JURISDICTION

The appellants, El Caballero Ranch, Inc., and Laredo Marine, L.L.C., bring this interlocutory appeal under section 51.014(a)(4) of the Texas Civil Practice and Remedies Code, which authorizes an appeal from an order that "grants or refuses a temporary injunction." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West 2015). The appellee, Grace River Ranch, LLC, has filed a first amended motion to dismiss this appeal, arguing that this court lacks jurisdiction over this appeal because the challenged order grants a permanent, not a temporary, injunction. We conclude that the challenged order is a permanent injunction but the order does not

dispose of all claims. Therefore, we grant the motion to dismiss, and dismiss this appeal for lack of jurisdiction.

## BACKGROUND

The parties to this appeal are property owners in La Salle County, Texas. El Caballero Ranch owns a ranch consisting of approximately 9,220 acres. Laredo Marine owns a ranch known as the 7C's Ranch consisting of approximately 30,074 acres. Grace River owns a ranch consisting of approximately 6,779 acres.

Grace River claims it owns easements on property owned by El Caballero and Laredo Marine. In April 2013, Grace River Ranch filed a declaratory judgment action to determine the existence and validity of the easements. El Caballero was named as a defendant in the suit. El Caballero answered the suit, denying Grace River's claim that it owned easements on its property and asserting various defenses. Subsequently, Laredo Marine intervened as a defendant in the suit. Like El Caballero, it denied Grace River's claims and asserted various defenses.

In July 2013, before Laredo Marine appeared in the suit, Grace River moved for traditional and no-evidence summary judgment. El Caballero responded to the summary judgment motion and filed an amended answer raising additional defenses. The trial court granted partial summary judgment in favor of Grace River. The trial court found that Grace River had a valid and subsisting easement across El Caballero Ranch for vehicular and pedestrian access as well as the right to use and maintain the road thereon, including any culverts, low water crossings, or bridges along the easement. In its order granting the partial summary judgment, the trial court acknowledged that it did not adjudicate any defenses or claims made after the summary judgment motion. Nevertheless, the trial court ordered that "[p]ending adjudication of these claims, Grace River shall have the use of and ability to maintain the [] [e]asement..." The order became effective ten days after it was signed by the trial court.

El Caballero challenged the partial summary judgment in a mandamus petition filed in this court. The issue presented was whether Grace River was entitled to immediate use of and the ability to maintain the claimed easement on the basis of the partial summary judgment before all claims and defenses regarding the easement had been fully litigated and adjudicated by the trial court, and possibly, on appeal. *In re El Caballero Ranch*, No. 04-14-00584-CV, 2014 WL 6687242, at *2 (Tex. App.—San Antonio Nov. 26, 2014, orig. proceeding). We agreed with El Caballero that the trial court's order allowing immediate access to the easement denied it the right to suspend enforcement of an adverse judgment as provided by the Texas Rules of Civil Procedure. *Id*., at *3. We conditionally granted mandamus relief, and directed the trial court to withdraw the portion of its order granting Grace River immediate use of and the ability to maintain the easement. *Id*.

Thereafter, Grace River filed a second motion for traditional and no-evidence summary judgment, addressing the additional defenses raised by El Caballero and Laredo Marine. El Caballero and Laredo Marine filed responses to the summary judgment motion. On December 17, 2014, the trial court advised the parties by letter that it was granting the second summary judgment motion; however, it did not immediately sign an order granting the summary judgment. Grace River filed a motion for entry of the partial summary judgment. Attached to the motion was a proposed order granting partial summary judgment, which included language granting injunctive relief.

On March 3, 2015, the trial court held a hearing on Grace River's motion for entry of the partial summary judgment. At the hearing, Grace River asked the trial court to sign the proposed order granting partial summary judgment. El Caballero and Laredo Marine objected to the portion of the order granting injunctive relief, arguing that injunctive relief was inappropriate because the order was interlocutory, the status quo for "12, 13, 14 years" was that "there are fences across the

road" and a "locked gate," and irreparable injury had not been established. In response, Grace River argued that the injunction was appropriate under the circumstances. Specifically, Grace River's counsel stated,

> With respect to the injunction, I think that [counsel for El Caballero and Laredo Marine] mistakes the law on injunctions with respect to easements. We are [] not in a situation here where a suit has been filed to enforce an easement and the court has yet [to] rule[] on the validity and existence of the easement. We are not there at all. And those are the cases [counsel] is relying on. What we have here is the [c]ourt has already ruled on the existence, the continuity, the extent of the easement. So a temporary [sic] injunction is very appropriate to enforce the right to use that easement. Because everything necessary to determine the existence of the easement has already occurred in this case. The only reason that this is a partial summary judgment is we have not yet determined the legal issue of damages to Grace River, if any …. And lastly, the issue of attorney's fees under the Declaratory Judgment Act, we have not yet reached that issue.

Later, Grace River's counsel stated,

> So it's very clear from the case law—[a]nd I have briefed that for the [c]ourt that— the cases that have some heartburn about issuing a temporary injunction with an easement all have to do with a case where there is no up or down determination by the court yet of the existence of the easements. But even if that were true, then a temporary injunction would be appropriate, according to the cases, if there is some showing of a reasonable likelihood of success on establishing the easement. *But we don't even have that here because we've already established the easement.*

(emphasis added). After additional argument from counsel, the trial court stated, "I'm going to go ahead and sign a [] partial summary judgment granting the relief requested. I'm going to give you your injunctive relief." The trial court then signed the partial summary judgment order attached to the motion for entry of partial summary judgment.

In the partial summary judgment order, the trial court ordered, adjudged, and decreed that Grace River had valid and subsisting easements across El Caballero Ranch, 7 C's Ranch, and the Nueces River Crossing with the right to use and maintain the road thereon and any culverts, low water crossings, or bridges along the easements. It further ordered, adjudged, and decreed that El Caballero and Laredo Marine were enjoined from (1) erecting or maintaining any barriers, fences

or gates of any kind that would interfere with or obstruct the free flow of pedestrian access on, over, or across the Grace River Easements other than gates already located on the ranches; (2) maintaining any gate or barrier along or across the Grace River Easements without providing all necessary keys, combinations, or codes to Grace River; (3) taking any action to prevent Grace River from freely opening and closing any gates in the Grace River Easements without assistance; and (4) preventing or obstructing Grace River from using, having access across, or undertaking the maintenance or repair of the roadway, bridges, low water crossings, culverts, grades, and trimming along the Grace River Easements and the Nueces River Crossing. The order also stated it did not adjudicate Grace River's claims for damages sustained by virtue of disruption or blocking of the easements or all claims for attorney's fees and costs. Finally, the order stated it would take effect ten days after it was signed.

El Caballero and Laredo Marine filed a notice of appeal and a motion to stay in this court. We granted the motion to stay. El Caballero and Laredo Marine also filed a mandamus petition challenging the trial court's order. The petition was denied.[1] *In re El Caballero Ranch, Inc.*, No. 04-15-00138-CV, 2015 WL 1244705, at *1 (Tex. App.—San Antonio March 18, 2015, orig. proceeding).

## DISCUSSION

As a general rule, appeals may be taken only from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id*. There are some exceptions to this rule. For example, an appeal may be taken from an interlocutory order that grants a temporary injunction. TEX. CIV.

---

[1]In their mandamus petition, El Caballero and Laredo Marine characterized the challenged order as a temporary injunction, thereby indicating that they had an adequate remedy by appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West 2015).

PRAC. & REM. CODE ANN. § 51.014(4). However, a summary judgment that fails to dispose of all claims, even if it grants a permanent injunction, falls under the general rule, and is interlocutory and unappealable. *Young v. Golfing Green Homeowners Ass'n, Inc.*, No. 05-12-00651-CV, 2012 WL 6685472, at *1 (Tex. App.—Dallas December 21, 2012, no pet.).

Here, the partial summary judgment order signed by the trial court is not a final, appealable order. Thus, the only way we have jurisdiction over this appeal is if the trial court granted a temporary injunction. To determine whether an order is an immediately appealable temporary injunction, we look to its character and function. *Qwest Commc'n Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Whether an injunction is to be classified as temporary or permanent is determined by looking at the substance of the order. *Gensco, Inc. v. Thomas*, 609 S.W.2d 650, 651 (Tex. Civ. App.—San Antonio 1980, no writ). The purpose of a temporary injunction is to preserve the status quo pending a final hearing on the merits. *Id*. On the other hand, "[a] permanent injunction is not dependent on any further action by the trial court and is characterized by the fact that it grants all of the relief which the trial court intends to grant in that case." *Id*.

In the present case, the injunction was granted at a hearing on a motion to enter a partial summary judgment, not at a temporary injunction hearing. Before the hearing, the trial court advised the parties by letter that it was granting the partial summary judgment motion, which asked the trial court to determine the merits of Grace River's claim concerning the validity of the easements. When the trial court signed the partial summary judgment containing the injunction, it had already made its final determination on the merits of Grace River's claim. The partial summary judgment order expressly states that it adjudicates "all claims of the Parties relating to the validity, continuity, and extent of the Grace River Easements." Therefore, in granting the partial summary judgment, the trial court granted all the relief it intended to grant concerning the validity of the easements. As previously stated, the purpose of a temporary injunction is to preserve the status

quo pending a final hearing on the merits. Unlike a temporary injunction, the purpose of the injunction in this case was to implement the trial court's ultimate determination on the merits of the claims regarding the validity of the easements.[2] Given the character and function of the injunction contained in the partial summary judgment, we conclude that it is a permanent injunction. *See Young*, 2012 WL 6685472, at \*2 (holding an injunction was permanent in nature when it followed a hearing on a summary judgment motion and was not based on pleadings seeking temporary injunctive relief).

El Caballero and Laredo Marine have filed a response to Grace River's motion to dismiss, asserting that we have jurisdiction over this appeal because the injunction is temporary, not permanent. El Caballero and Laredo Marine again contend the injunction is temporary because Grace River requested a temporary injunction at the hearing and the trial court granted this request. We disagree. The record of this hearing shows that counsel for El Caballero and Laredo Marine objected to the injunctive relief in the partial summary judgment order. In arguing their objection, counsel for El Caballero and Laredo Marine characterized the relief sought as a temporary injunction and asserted that the temporary injunction standard had not been met. In responding to opposing counsel's objection, Grace River made reference to temporary injunctions and temporary injunction cases. However, despite these references, the essence of counsel's argument was that Grace River was entitled to an injunction because it had already prevailed on the merits of its claim concerning the validity of the easements. El Caballero and Laredo Marine also contend this court's opinion denying their second petition for writ of mandamus "implies" that the injunction was

---

[2]Grace River had pled for injunctive relief in its petition. Furthermore, in its second summary judgment motion, Grace River argued "no material issue of fact or of law prevents the entry of summary judgment herein declaring that the Grace River Easements (as herein defined) and the public road(s) along the path of the Northerly Grace River Easement (as herein defined) are valid and subsisting" and urged the court to "enjoin any further interference or obstruction thereof by Defendants …."

temporary, not permanent. Again, we disagree. The mandamus petition filed by El Caballero did not ask us to determine the nature of the injunctive relief ordered by the trial court, and nothing in our opinion and order denying mandamus relief indicates that we made such a determination. *See El Caballero Ranch*, 2015 WL 1244705, at *1.

## CONCLUSION

We hold the order challenged in this appeal is a permanent, not a temporary, injunction. Because the challenged order grants a permanent injunction but fails to dispose of all claims before the trial court, it is not final and therefore is unappealable. *See BCH Dev., LLC v. Lakeview Heights Addition Prop. Owners Ass'n*, No. 05-15-00274-CV, 2015 WL 4456237, at *1-2 (Tex. App.—Dallas July 21, 2015, no pet.) (dismissing for lack of jurisdiction an appeal from an order granting partial summary judgment and granting a permanent injunction); *Young*, 2012 WL 6685472, at *2 (same). We grant Grace River's first amended motion to dismiss this appeal, and dismiss this appeal for lack of jurisdiction. We lift our order staying enforcement of the injunctive relief granted in the trial court's partial summary judgment order.

Karen Angelini, Justice